CUMBERLAND TELEPHONE & TELEGRAPH COMPANY *v.* LOUISIANA PUBLIC SERVICE COMMISSION ET AL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF LOUISIANA.

No. 650. Argued on return to rule to show cause why supersedeas and injunction should not be set aside and injunction dissolved, November 13, 1922.—Decided November 20, 1922.

1. Upon appeal from an order merely refusing a preliminary injunction, under Jud. Code, § 266, there is nothing upon which a supersedeas may operate. P. 215.

2. Under Jud. Code, § 266, a single judge in allowing an appeal from an order of the District Court, constituted of three judges, denying a preliminary injunction, is without power to grant a continuance of a temporary restraining order pending the appeal, and his order to that effect is void. P. 216.

3. Equity Rule 74, which authorizes a justice or judge who took part in a decision granting or dissolving an injunction to suspend, modify, or restore the injunction pending appeal, does not apply to an appeal from an order refusing a preliminary injunction under Jud. Code, § 266. P. 217.

4. Where an interlocutory injunction has been refused in a case governed by Jud. Code, § 266, an application for injunction pending appeal must be presented to the three judges, and, except in

extraordinary circumstances, only after notice; and its allowance must be evidenced by their signatures or by announcement in open court with the three judges sitting, followed by a formal order tested as they direct.   P. 218.

5. The granting of such an injunction, pending appeal, is within the power of this Court, but application therefor will generally be referred to the court of three judges who heard the case upon its merits and are familiar with the record.   P. 219.

MOTION by the appellees to set aside an order of supersedeas and injunction granted by a District Judge in connection with an appeal from an order of the District Court, constituted of three judges, refusing an interlocutory injunction in appellant's suit to enjoin appellees, members of a state commission, from reducing its rates for telephone service.   Application to this Court by appellant for an injunction maintaining the *status quo*.   For the opinion of the court below denying the interlocutory injunction, see 283 Fed. 215.

Mr. *J. Blanc Monroe,* with whom Mr. *Jas. C. Henriques,* Mr. *Monte M. Lemann,* Mr. *C. M. Bracelen,* Mr. *Hunt Chipley* and Mr. *E. D. Smith* were on the brief, for appellant.

In a case in which irreparable injury will otherwise ensue, the enforcement of an order of a state administrative commission can and should be stayed pending an appeal to this Court from a decree of a three-judge court denying a preliminary injunction of that order. *Southern Ry. Co.* v. *Watts,* 259 U. S. 576; *Hovey* v. *McDonald,* 109 U. S. 161; *Omaha & Council Bluffs Street Ry. Co.* v. *Interstate Commerce Commission,* 222 U. S. 582; *Louisville & Nashville R. R. Co.* v. *Siler,* 186 Fed. 176; *Ohio River & W. Ry. Co.* v. *Dittey,* 203 Fed. 537; *Grand Trunk Ry. Co.* v. *Michigan R. R. Commission,* 198 Fed. 1009; *Phoenix Ry. Co.* v. *Geary,* 209 Fed. 694; s. c. 239 U. S. 277, 281; *Louisville & Nashville R. R. Co.* v. *Railroad Commission,* 208 Fed. 35.

While the stay order in this case was signed by one judge, that signing was done with the knowledge and consent of the other two judges of the three-judge court.

In the circuit in which this case originated, it is the practice for the judge in whose district the case arises to sign the order for stay and supersedeas when the three judges decline the preliminary injunction.

*Mr. Huey P. Long*, with whom *Mr. W. M. Barrow* was on the brief, for appellees.

Mr. CHIEF JUSTICE TAFT delivered the opinion of the Court.

This is a motion by the appellees to set aside the supersedeas and injunction granted by District Judge Foster at the time he allowed an appeal from an order of three judges, Circuit Judge Bryan, District Judge Clayton, and himself, denying an application for an interlocutory injunction under § 266 of the Judicial Code.

The original bill was filed by the Cumberland Telephone and Telegraph Company against the Louisiana Public Service Commission seeking an injunction to prevent the latter, a State Board of competent authority, from reducing the existing telephone rates, as it proposed, on the ground that such action would compel the plaintiff to furnish service at rates which would be confiscatory and violate its rights secured by the Fourteenth Amendment. District Judge Foster granted a restraining order as permitted by § 266, to remain in force until the application for an interlocutory injunction could be heard by three judges. The court, thus constituted, heard the application on voluminous evidence, and denied the application, Judge Foster dissenting. Upon the entry of the order, the complainant applied to the District Court for an appeal and for an injunction against the defendant Commission, until the determination of the cause on appeal. District

Judge Foster, sitting alone, made an order in the District Court allowing the appeal, granted a supersedeas and continued the original restraining order, made by him before the hearing by the three judges, until the appeal could be determined, in order to maintain the *status quo.* A bond was required in $100,000, which is conditioned that appellant shall prosecute its appeal to effect and answer all damages and costs if it fails to make its plea good and also that it shall repay to defendants such damages as they may suffer and " for the repayment to plaintiff's subscribers, and to each of them, of the excess charges collected from each of said subscribers as a result of the issuance and continuance of the preliminary restraining order issued herein, over and above what would have been collected from said subscribers had said restraining order not been rendered, the said repayment to be made as, when, and if it shall have been finally determined herein that the order of the Louisiana Public Service Commission of May 13, 1922, is a legal order binding upon the plaintiff herein."

The present motion is to set aside the supersedeas and the restraining order. That was the form of the application in the original proceeding for mandamus, which by order of the court has been treated in argument as a motion on this appeal. So far as the supersedeas, to which the motion is directed, is concerned, it had no effect, because there was nothing to supersede, except an execution for costs; and that was suspended by the mere allowance of the appeal. There was no decree for money, there was no decree at all in favor of the complainants upon which execution could issue. *Hovey* v. *McDonald,* 109 U. S. 150, 160. The supersedeas would not continue the injunction or maintain the *status quo ante* of restraint upon the defendant. *Slaughter-House Cases,* 10 Wall. 273, 297.; *Hovey* v. *McDonald, supra,* 161; *Leonard* v. *Ozark Land Co.,* 115 U. S. 465, 468; *Knox*

*County* v. *Harshman,* 132 U. S. 14, 16; *Merrimack River Savings Bank* v. *Clay Center,* 219 U. S. 527. The effective part of the order of Judge Foster, if valid, was the continuance of the restraining order, which is called in the motion and argument the injunction. The motion to set this aside must be granted.

Section 266 of the Judicial Code is a codification of § 17 of the Act of June 18, 1910, c. 309, 36 Stat. 557, amended by the Act of March 3, 1913, c. 160, 37 Stat. 1013. The legislation was enacted for the manifest purpose of taking away the power of a single United States Judge, whether District Judge, Circuit Judge or Circuit Justice holding a District Court of the United States, to issue an interlocutory injunction against the execution of a state statute by a state officer or of an order of an administrative board of the State pursuant to a state statute, on the ground of the federal unconstitutionality of the statute. Pending the application for an interlocutory injunction, a single judge may grant a restraining order to be in force until the hearing of the application, but thereafter, so far as enjoining the state officers, his power is exhausted. The wording of the section leaves no doubt that Congress was by provisions *ex industria* seeking to make interference by interlocutory injunction from a federal court with the enforcement of state legislation, regularly enacted and in course of execution, a matter of the adequate hearing and the full deliberation which the presence of three judges, one of whom should be a Circuit Justice or Judge, was likely to secure. It was to prevent the improvident granting of such injunctions by a single judge, and the possible unnecessary conflict between federal and state authority always to be deprecated. This Court had occasion to consider the purport and significance of § 17 of the Act of June 18, 1910, embodied in § 266, in *Ex parte Metropolitan Water Co.,* 220 U. S. 539, and there held that, after a District Judge had granted a preliminary

restraining order in such a case as provided, the same judge could not set aside his own order; and such act by him was without jurisdiction. This Court, therefore, issued a mandamus directing him to annul the order of vacation. We are of opinion that a single judge has no power, in view of § 266, to affect the operation of the order of the court constituted by the three judges granting or denying the interlocutory injunction applied for. To hold that he may grant a temporary injunction varying the order of the three judges would be to make the legislation a nullity and work the result which Congress was at great pains to avoid. Arguments to show that the order only continued the *status quo,* that a disturbance of it will work irreparable injury and that the bond herein required secures all parties in interest are beside the point. This is a question of statutory power and jurisdiction, not one of judicial discretion or equitable consideration.

Equity Rule No. 74, which authorizes a justice or judge who took part in a decision of an equity suit granting or dissolving an injunction to make an order suspending, modifying or restoring the injunction pending the appeal upon proper terms, does not apply to such an appeal or to such a case as this. This appeal is not from a final decree. It is a special proceeding in which the power of a single judge is definitely limited.

It is argued that the order of injunction pending the appeal here was the act of the court of three judges. It is certain that Judge Foster was the only judge sitting in the District Court when the *ex parte* application was made by complainant company for the allowance of the appeal, the granting of the injunction and the fixing of the amount of the bond. It is certain that these orders were signed only by him and did not purport to be authorized by three judges. The claim is based on a quotation from remarks made by Judge Foster in overruling the application made to him by the defendant, the Public

Service Commission, to set aside the injunction. The Judge said:

" Now let us go a little further. Here is a question submitted to three Judges let us say. This is not the action of an individual judge. The question of supersedeas was a matter of discussion among the court composed of Judge Bryan, Judge Clayton and myself, and I showed you, Mr. Long, [counsel for the Public Commission], Judge Bryan's letter, in which he says that he thought that the Cumberland Telephone Company would be entitled to a supersedeas in this case, but that was a matter to be taken up by the District Court, by myself.

" Now, when I granted an appeal with supersedeas, that is the action of the court, it is merely a matter of practice that I signed the order. Now that supersedeas ought always to be granted to prevent irreparable injury."

This statement does not make the order here in question the act of the three judges. Judge Bryan's letter, so far as we are able to judge from this reference, was a mere expression of opinion that Judge Foster as District Judge had the power to grant the injunction, an opinion with which we do not agree. The letter was not an attempt by Judge Bryan to become a participant in the order. Nor is there any showing that Judge Clayton took part in the matter. A discussion in conference of the judges as to the granting of an injunction pending an appeal before it was applied for does not supply what is needed to give efficacy to such order by a single judge. Compliance with the statute requires the assent of the three judges given after the application is made evidenced by their signatures or an announcement in open court with three judges sitting followed by a formal order tested as they direct. Notice of application for the injunction to opposing counsel should be required except in extraordinary circumstances. We have no proper evidence of the participation of the three judges in the injunction here and therefore grant the

motion to set it aside as void and made without juris-
diction.

The appellees ask that if we conclude to set aside the
injunction, we entertain a motion to grant one now to
preserve the *status quo*. The fact that a majority of the
three judges of the District Court denied the interlocu-
tory injunction suggests the want of merit in the appli-
cation here. We, of course, appreciate that notwith-
standing a denial of an injunction on its merits, a court
may properly find that pending a final determination of
the suit on the merits in a court of last resort, a balance of
convenience may be best secured by maintaining the
*status quo* and securing an equitable adjustment of the
finally adjudicated rights of all concerned through the
conditions of a bond. *Hovey* v. *McDonald,* 109 U. S. 150,
161; Equity Rule No. 74. But the court which is best
and most conveniently able to exercise the nice discretion
needed to determine this balance of convenience is the
one which has considered the case on its merits and, there-
fore, is familiar with the record. Records in cases like
this are often very voluminous. Such is the record in this
case. Without abdicating our unquestioned power to
grant such an application as this, and conceding that ex-
ceptional cases may arise, we are generally inclined to
refer applications of this kind to the court of three judges
who have heard the whole matter, have read the record,
and can pass on the issue without additional labor. That
was the course taken by this Court in *Southern Ry. Co.*
v. *Watts,* 259 U. S. 576. A similar order will be made here.
The action of the District Court thus constituted, how-
ever, will not revive or vitalize the order of injunction
granted by Judge Foster; for that was void, and the
parties affected by it must be left to such course as they
may be advised. We are not now called upon to construe
or determine the validity or effect of the bond taken in
that proceeding.

The orders in this Court will be two:

First. The motion of appellees is granted and the order of injunction granted by Judge Foster when allowing the appeal is set aside as without jurisdiction.

Second. The application to this Court for an injunction maintaining the *status quo* is referred to the District Court constituted of three judges for its determination.

The costs on this motion will be taxed to the appellant.