### NORTHERN PAC. RY. CO. et al. v. BOARD OF RAILROAD COM'RS OF MONTANA et al.

District Court, D. Montana. August 6, 1929.

No. 692.

Gunn, Rasch & Hall, of Helena, Mont., W. L. Clift, of Great Falls, Mont., and Murphy & Whitlock and Howard Toole, all of Missoula, Mont., for plaintiffs.

L. A. Foot and Francis A. Silver, both of Helena, Mont., for defendants.

BOURQUIN, District Judge. April 15, 1929, the plaintiffs, four railroads, commenced this suit to enjoin the defendants from enforcing an intrastate rate order until plaintiffs' application for a section 13 hearing made to the Interstate Commerce Commission had been determined. The usual temporary restraining order issued. Far from the seats of the mighty, the local practice is to consult the convenience of Supreme Court Justices or Circuit Judges before any of them is called to sit in a three-judge court; and the necessity is understood and acquiesced in by the parties.

Before any three-judge court could be convened, defendants moved to dismiss the suit and to dissolve said restraining order, on the ground, among others, that the complaint was insufficient in facts to state a cause of action. The motions heard, the complaint was dismissed; for, whereas it alleged that the intrastate rates would disturb an established rate structure, are discriminatory, and will deprive plaintiffs of revenue, neither in facts nor in conclusions did it appear that the discrimination is of that evil kind which alone is forbidden, viz. undue, unreasonable, or unjust.

Obviously, however valid a new intrastate rate, it will disturb the established rate structure and may discriminate and deprive railroads of revenue. And that discrimination or the discrimination charged, differs from that forbidden, as day from night or lawful from unlawful.

Thereafter, on June 19, 1929, in the clerk's office was received from the clerk of the Supreme Court an order by Mr. Justice Van Devanter wherein is stated that plaintiffs had applied to the Supreme Court for mandamus against this court; that the dismissal aforesaid by a court of one judge and consequent dissolution of the restraining order was "probably in contravention of section 380, title 28, U. S. C. (28 USCA § 380), and of the Metropolitan Water Co. Case, 220 U. S. 539, 31 S. Ct. 600, 55 L. Ed. 575; Cumberland Telephone & Telegraph Co. Case, 260 U. S. 212, 43 S. Ct. 75, 67 L. Ed. 217, and Atlantic Coast Railroad Co. Case, 49 S. Ct. 478, 73 L. Ed. ——, May 20, 1929"; that "it is now ordered that the temporary restraining order be reinstated and continued" until disposition of the application for mandamus; and that the order was "without prejudice to the authority" of this court "when three judges are sitting conformably to section 380, to vacate the dismissal and hear the application for injunction."

The court is advised that, since said order, the Interstate Commerce Commission has denied plaintiffs' application, and that plaintiffs have applied for mandamus against the Commission. In the meantime the ultimate consumer, unprotected by the bond to the shipper and without right to reimbursement, as usual, "pays the freight." But the railroads are safe. As a rule, public utilities profit by long drawn-out resistance to reduction of rates, less, however, in cases like this at bar than in some others. For, during the litigation, sheltered by the ægis of the court, they collect the old rates from multitudes of small patrons, many of whom do not apply for reimbursement aggregating large sums when the utilities' resistance finally fails.

Adverting to the order of Mr. Justice Van Devanter, its phraseology leaves it doubtful if it imports a command to this court to reinstate the restraining order, which it has not done, or such order granted by himself. ▮ Its language is appropriate to the former but not to the latter. However, as a Justice of the Supreme Court has no authority to so order a District Court in the instant, if in any, circumstances, it is assumed the learned Justice himself grants the restraining order; and the ambiguous phrasing is probably due to some counsel who prepared and presented

it for signature more or less complacently given without particular scrutiny.

█ Although precedent may be found for anything, U. S. v. Northern Pac. Ry. Co. (D. C.) 1 F.(2d) 57, none has been found for authority in a Supreme Court Justice to issue an order to a District Court to reinstate a restraining order in present, if in any, circumstances. Moreover, it is believed the speculation that in its dismissal of the suit this court contravened section 380 and cases cited, and the suggestion that this court has authority to now convene a three-judge court to vacate the dismissal, are also untenable and likewise due to counsel. Section 380 was enacted to remedy a well-known evil, viz. the activities of sovereign states too frequently enjoined by a single judge too prone to sign on the dotted line upon the request of public utilities. Accordingly it provides no interlocutory or permanent injunction shall be granted until the application has been heard by a three-judge court, one of whom shall be a Supreme Court Justice or a Circuit Judge; and that application made to any judge "he shall immediately call" others as aforesaid to hear and determine it. This cumbersome method is not in terms nor in reason extended to include aught else in the suit, as pleas to jurisdiction, motions to dismiss for insufficiency of the complaint, or other motions incidental to progress of the suit. These latter are not of the evils to be remedied or object to be attained, and come within the rule of expressio unius, etc. It would be anomalous indeed, if, however insufficient in facts is the complaint, the judge must ignore the fatal defect and at once call hither, say, Chief Justice Taft and Judge Hale (for they could be and the statute implies a duty to come) to hear the application for an injunction—sheer futility as well as absurdity, for the three-judge court could only deny the application and adjourn. The statute will not reasonably bear any such absurd construction. It is clearly the duty of the court, a single judge sitting, to determine whether the complaint states a cause of action, will support an injunction, before he calls distant and busy judges to grant one. And in this is no contravention of the cases cited.

█ As the suit is dismissed, there is nothing upon which this court can predicate a call to other judges, as in said order suggested.

Section 380 contemplates a call in a suit pending only, and, if in present circumstances called, the result would likely be as futile as Glendower's of spirits from the vasty deep.

Wherein would be their authority to come, their jurisdiction to review and vacate this court's dismissal of the suit? Not in section 380, for therein none such appears; not in this court's call, for it has no jurisdiction to issue it save in a pending suit.

This suit is not pending. Presently it is as dead as Julius Cæsar.

Plaintiffs' motion to convene a three-judge court as suggested aforesaid is denied.