912

RYAN et al. v. PENNSYLVANIA PUBLIC
UTILITY COMMISSION.

No. 781 Civ. A.

District Court, M. D. Pennsylvania.
March 26, 1942.

On Petition for Appeal and Injunction Pend-
ing Appeal April 30, 1942.

W. Davis Graham (of Wolf, McDonald,
Graham & Ingram), of Pittsburgh, Pa.,
for plaintiff.

Harry M. Showalter, of Harrisburg,
Pa., Pennsylvania Public Utility Commis-
sion, Commonwealth of Pennsylvania, for
defendant.

Before BIGGS and CLARK, Circuit
Judges, and WATSON, District Judge.

BIGGS, Circuit Judge.

The plaintiffs have filed their complaint
seeking to enjoin the Pennsylvania Public
Utility Commission from enforcing an
order made by it on September 4, 1940
pursuant to 66 P.S. § 1101 et seq., the
"Public Utility Law" of Pennsylvania,
directing the plaintiffs to cease and desist
from rendering services as carriers by
motor vehicle in intrastate commerce ex-
cept as authorized by certificates of public
convenience issued by the Commission.
The order also required the plaintiffs to pay
to the Commonwealth of Pennsylvania $1,-
500 as a forfeit for having furnished il-
legal transportation.

The Commission's order was filed in a
proceeding instituted by it upon its own
motion to determine whether the plaintiffs
had been transporting freight between
points in Pennsylvania as intrastate com-
mon carriers and had evaded the juris-

diction of the Pennsylvania Commission under the pretense of rendering interstate service. The Commission found that the plaintiffs were guilty of this subterfuge and entered the order of September 4, 1940. Pursuant to the provisions of 66 P.S. § 1431 the plaintiffs filed an appeal to the Superior Court of Pennsylvania which affirmed the Commission's order, 143 Pa. Super. 517, 17 A.2d 637. A petition for a special allocatur was refused by the Supreme Court of Pennsylvania and a petition for certiorari filed by the plaintiffs was denied by the Supreme Court of the United States, 314 U.S. 640, 62 S.Ct. 80, 86 L.Ed. —.

The complaint alleges that the plaintiffs filed an application to the Interstate Commerce Commission for a certificate of public convenience and necessity pursuant to the provisions of the "Grandfather Clause" of the Motor Carrier Act of 1935, as amended, Act of September 18, 1940, c. 722, Title I, Sec. 20(e), 54 Stat. 923, 49 U.S.C.A. § 306, covering the very operations which the Pennsylvania Commission has declared to be an evasion of its jurisdiction; that this application is still pending, and, if it is to be successful, the plaintiffs must show continuous and uninterrupted operation over the designated routes from the grandfather date to the time of their application. The plaintiffs allege that if the order of the Pennsylvania Commission is enforced such necessary continuous operation will be interrupted and, further, that whatever may have been the facts at the time the order of September 4, 1940 was made the circumstances of their carriage of freight have changed so greatly that equity now requires the issuance of an injunction by this court.

The complaint alleges that the jurisdiction of the court over the cause at bar is based upon Section 24(8) of the Judicial Code as amended, 28 U.S.C.A. § 41(8), as, to employ the words of the plaintiffs, a cause "relating to interstate commerce". A motion for an interlocutory injunction was filed alleging that the order of the Pennsylvania Commission interferes with the plaintiffs' transportation of goods in interstate commerce and that this interference is in violation of the commerce clause of the Federal Constitution. Thereafter a motion was filed for a three-judge court to pass upon the plaintiffs' application for an interlocutory injunction.

The plaintiffs' contentions are without merit. The Pennsylvania Commission's conclusion that the transportation of goods in interstate commerce by the plaintiffs was a mere subterfuge to escape the jurisdiction of the Pennsylvania Commission and the Public Utility Law in our opinion was based upon adequate evidence. Indeed, upon the record before us, we reach exactly the same conclusion. Precisely as the plaintiffs were engaging in interstate commerce as a subterfuge to escape the jurisdiction of the Pennsylvania Commission and the Public Utility Law when the order of September 4, 1940 was entered, so were they likewise engaged at the time of the hearing before this court.

In view of what we have stated it is unnecessary to discuss the possible application to the case at bar of the limitations imposed by the Johnson Act, May 14, 1934, c. 283, 48 Stat. 775, 28 U.S.C.A. § 41(1).

A serious question as to the jurisdiction of this court is present, but it has not been raised by the parties and in view of our conclusion it is not necessary to discuss it.

The complaint will be dismissed.

### On Petition for Appeal and Injunction Pending Appeal.

Before BIGGS, Circuit Judge, and WATSON, District Judge.

BIGGS, Circuit Judge.

The plaintiffs seek an allowance of an appeal from the judgment of a three-judge court constituted pursuant to the provisions of Section 266 of the Judicial Code, as amended, 28 U.S.C.A. § 380. The judgment dismissed the complaint for the reasons stated in the court's opinion. There was a hearing on the plaintiffs' application for a preliminary injunction. Evidence was offered and the hearing by consent was deemed a final one. The plaintiffs had sought to enjoin an order of the Pennsylvania Public Utility Commission prohibiting them from conducting certain alleged interstate carriage and imposing a fine upon them. The court refused to grant the relief sought.

In their petition for appeal the plaintiffs pray " * * * that an injunction during the pendency of the appeal be granted * * * upon such terms as to bond * * *" as may be proper.

Section 238(3) of the Judicial Code as amended, 28 U.S.C.A. § 345(3), provides for a direct review by the Supreme Court of such a final judgment as that rendered in the instant case. The provisions for taking the appeal are stated in Rule 36 of the Rules of the Supreme Court, 28 U.S. C.A. following section 354, and the manner of taking the appeal is set out in Rule 72 of the Rules of Civil Procedure, 28 U.S. C.A. following section 723c. Rule 36 provides in part, "In cases where an appeal may be had from a district court to this court the same may be allowed, * * * by any judge of the district court, including a circuit judge assigned thereto. * * * The judge * * * allowing the appeal shall take the proper security for costs and sign the requisite citation and he may also, on taking the requisite security therefor, grant a supersedeas and stay of execution or of other proceedings under the judgment * * *, pending such appeal. See Rev.Stat., Secs. 1000 and 1007 [28 U.S.C.A. §§ 869, 874], paragraph 1 of Rule 10, paragraph 2 of Rule 46, and Rule 62(c) of the Rules of Civil Procedure [28 U.S.C.A. following section 723c]."

The plaintiffs in the case at bar as a matter of fact are not seeking to supersede the judgment of the court for such supersession if granted would result in nothing more than the reinstatement of their complaint and not the granting of the injunction which they seek. For analogy see the decision of the Supreme Court in Scripps-Howard Radio, Inc., v. Federal Communications Commission, 62 S.Ct. 875, 86 L.Ed. ——, and the decision of the Court of Appeals for this circuit in Murray Hill Restaurant v. Thirteen Twenty One Locust, 3 Cir., 98 F.2d 578. The relief which the plaintiffs seek pending appeal is the injunction which was denied them upon final hearing.

■ Only a court presently constituted of three judges pursuant to the provisions of Section 266 of the Judicial Code would have jurisdiction to enjoin the order of the Pennsylvania Public Utility Commission pending the appeal. Any two judges of such a court might stay the order of the Commission and grant the injunction. See Virginian R. Co. v. United States, 272 U.S. 658, 671, 672, 47 S.Ct. 222, 71 L.Ed. 463[1]. The Court which heard the case at bar on its merits, however, cannot sit to hear the plaintiffs' application for an injunction pending an appeal because one of its members was commissioned as an officer in the United States Army on March 26, 1942 and is not available. Even if the two remaining members of the court had jurisdiction to grant the restraint sought by the plaintiffs, the injunction would not issue for we consider the plaintiffs' case to be without merit. In view of what we have stated it would be a futile thing to undertake the difficult task of construction involved in determining whether a district court of three judges might be reconstituted pursuant to Section 266 of the Judicial Code to pass upon the plaintiffs' application for an injunction.

■ The petitioners' application for an injunction therefore should be made to the Supreme Court or to a Justice thereof.[2]

■ We will grant the appeal, an appeal being a matter of right under the statute, but we will deny the prayer of the petition for an injunction to restrain the Pennsylvania Public Utility Commission from enforcing its order against the plaintiffs pending the disposition of their appeal.

---

[1] Cf. the provisions of Rule 62(c) of the Rules of Civil Procedure relating to the granting of injunctions pending appeal from, inter alia, a district court of three judges.

[2] For the procedure sometimes followed by the Supreme Court in applications for an order staying the enforcement of an order of a commission or enjoining the commission from executing its order pending an appeal see Virginian R. Co. v. United States, supra, and Cumberland Telephone & Telegraph Co. v. Louisiana Public Service Commission, 260 U.S. 212, 219, 43 S. Ct. 75, 67 L.Ed. 217.