GOVERNMENT OF THE CAPITAL, Plaintiff and Appellee, *v.* EX-
ECUTIVE COUNCIL OF PUERTO RICO, ETC., ET AL., Defendants
and Appellants. .

No. 8703. Argued May 7, 1944.—Decided June 1, 1944.

*F. Fernández Cuyar, H. González Blanes,* and *Rafael A. González* for
petitioner. *Jesús A. González, Acting Attorney General,* for the
Governor, Executive Council, and Puerto Rico Water Resources
Authority, and *James E. Curry, José Vilá Ruiz,* and *Antonio M.
Bird,* of Counsel, Puerto Rico Water Resources Authority, for
respondents.

MR. JUSTICE SNYDER delivered the opinion of the court.

On April 28, 1944, The Capital of Puerto Rico filed a
notice of appeal to the Circuit Court of Appeals from the
judgment of April 20, 1944, of this court in the above-entitled
case. On the same date The Capital also filed a motion re-
citing that "it wishes to obtain the issuance of a writ of
supersedeas through posting of the corresponding bond."
It therefore prayed that we "fix the amount of the bond
which it must post, and then issue a writ of supersedeas, *so
that the execution of the judgment appealed from be stayed*
and the *status quo* preserved until the appeal which has been
taken is finally determined." (Italics ours.)

The defendants (appellants in this court and appellees in
the Circuit Court of Appeals) filed a written opposition to the
aforesaid motion. We conducted an oral hearing, and per-
mitted the parties to file briefs.

■■ The appeal is being taken from our judgment of April 20, which reads as follows:

"For the reasons stated in the foregoing opinion, the judgment of December 29, 1942, of the District Court of San Juan in the above-entitled case is reversed, and a new judgment must be and is hereby entered, declaring that Act No. 39 of 1941, Special Session, as amended by Act No. 29 of 1942, is not void because it fails to provide for just compensation in the event that the aqueduct of the Government of the Capital is transferred to the Water Resources Authority of Puerto Rico under the terms of the said Act."

We do not find it necessary to pass on a number of the interesting questions raised by counsel for both parties. We shall therefore not undertake to determine if we would be required to issue a writ of supersedeas as well as fix the amount of the supersedeas bond if we were disposed to grant the motion of The Capital.

We shall in our discretion refuse the motion of April 28 of 'The Capital because we find nothing in the proceedings before us to stay. The district court declared the statutes in question unconstitutional. We declared them constitutional. Neither judgment granted any relief to either party which was capable either of being executed or of being superseded. The Capital, when it filed the petition for declaratory judgment in the district court, applied for an injunction *pendente lite* "prohibiting any of the defendants . . . . from taking any action, making any effort, or performing any act tending to accomplish the transfer of the waterworks system . . . ". Although the district court issued a rule to show cause why this motion for an injunction *pendente lite* should not be granted, the hearing scheduled to be held thereon was, by stipulation of the parties, never conducted, and no such injunction was therefore ever issued. Nor did The Capital, after the district court entered a declaratory judgment in its favor, ask that court to implement that judgment by some protective and affirmative relief such as injunc-

tion. Section 8 of the Uniform declaratory Judgment Law, Act No. 47, Laws of Puerto Rico, 1931.[1] Likewise, The Capital has never prayed for such relief in this court. Instead, it now comes here for approval of a supersedeas bond.

Counsel for The Capital attempts to justify its position here by asserting that the judgment of the district court, which he apparently feels would be restored by supersedeas herein, was in legal effect a prohibition by the district court against any action by the defendants under the Acts being assailed as unconstitutional. We can find no such language in the declaratory judgment. Indeed, the best proof that The Capital itself understood that it was not asking for any such prohibitory relief in its petition for a declaratory judgment was its own motion for an injunction *pendente lite* which accompanied the petition but which was never pressed.

For us to grant the motion of The Capital would be futile and misleading. Unlike an injunction, supersedeas runs only to a judicial proceeding, to the judgment on appeal, and not to matters collateral thereto (Cyclopedia of Federal Procedure, vol. 6, §§2862, 2869; 3 Moore's Federal Practice, p. 3300). Act No. 39, Laws of Puerto Rico, 1941, Special Session, as amended by Act No. 29, Laws of Puerto Rico, 1942, provides in §§3, 4, and 5 for detailed administrative action and a judicial review thereof which has no relation to this proceeding. It is apparently the theory of The Capital that if we were to grant the motion under consideration, that administrative machinery would be stalled pending appeal. We can understand the plea of The Capital at the oral argument that for it to appear at such administrative proceed-

---

[1] Counsel for The Capital himself points out in the brief he has submitted on this motion that the Uniform Declaratory Judgment Law "contains a provision to the effect that additional remedies based on a declaratory judgment or decree may be allowed whenever necessary or adequate. 1931 Laws, p. 381. Thus, then, any party whose rights have been adjudicated by judgment, within the declaratory judgment proceedings, can obtain by prayer within the same any additional remedy."

ings at this time would require large expenditures for legal advice and experts. But to supersede the judgment of April 20 would not remedy that situation. To maintain the *status quo* on the particular constitutional controversy involved herein by staying our judgment which simply declared the law constitutional without ordering anything to be done, would not and could not prevent any of the various administrative steps contemplated by the Acts in question from being taken (*Cumberland Tel. & Tel. Co.* v. *Louisiana Public Service Commission*, 260 U. S. 212, 215).

We make it clear that we are not passing on the question of whether on a satisfactory showing The Capital would be entitled to an injunction, pending final determination of this appeal, in this or in some other appropriate proceeding either at this stage of events or after further developments.[2] We hold only that the motion of The Capital for the fixing of the amount of a supersedeas bond, for the reasons stated herein, cannot be granted.

---

[2] We note in passing that §5 of Act No. 29 of 1942 provides that if the Executive Council provides by resolution for the transfer of an aqueduct to the Water Resources Authority, review of that resolution may be obtained in this court, and that "Upon the filing of the petition, the resolution of the Executive Council shall be thereby suspended pending the decision of the court." Since no such resolution affecting the aqueduct of The Capital has as yet been passed by the Executive Council, there are a number of events which have yet to occur before the problem of physical surrender of its aqueduct must be faced by The Capital.