GOBIERNO DE LA CAPITAL, demandante y apelado, *v.* CONSEJO EJECUTIVO DE PUERTO RICO, ETC., y la AUTORIDAD DE FUENTES FLUVIALES DE PUERTO RICO, demandados y apelantes.

Núm. 8703.—*Sometido:* Junio 7, 1944. *Resuelto:* Junio 1, 1944.

F. *Fernández Cuyar*, H. *González Blanes* y *Rafael A. González* abogados del peticionario; *Hon. Procurador General Interino Jesús A. González*, abogado del Gobernador, el Consejo Ejecutivo y la Autoridad de Fuentes Fluviales de Puerto Rico, y *James E. Curry, José Vilá Ruiz* y *Antonio M. Bird, of Councel*, Autoridad de Fuentes Fluviales de P. R. opositores.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El 28 de abril de 1944 La Capital de Puerto Rico radicó un escrito de apelación para ante la Corte de Circuito de Apelaciones contra la sentencia dictada por esta corte en el

caso arriba indicado el 20 de abril de 1944. El mismo día La Capital también radicó una moción en la que decía que "desea obtener la expedición de un auto de supersedeas mediante la prestación de la correspondiente fianza." Por tanto solicitaba de esta corte que "se sirva fijar la cuantía de la fianza que deba prestar, y expedir luego un auto de supersedeas, *de suerte que la ejecución de la sentencia apelada sea detenida* y el statu quo preservado hasta tanto se resuelva en definitiva la apelación interpuesta." (Bastardillas nuestras).

Los demandados (apelantes ante este tribunal y apelados ante la Corte de Circuito de Apelaciones) radicaron por escrito una oposición a la referida moción. Se celebró una vista y se permitió a las partes que radicaran alegatos.

■■ La apelación se entabla contra nuestra sentencia de 20 de abril, que dice como sigue:

"Por las razones consignadas en la anterior opinión, se revoca la sentencia apelada que dictó la Corte de Distrito de San Juan el día 29 de diciembre de 1942, en el caso arriba indicado, y se dicta nueva sentencia declarando, como por la presente se declara, que la Ley número 39 de 1941, Sesión Extraordinaria, según quedó enmendada por la Ley número 29 de 1942, no es nula por no disponer una justa compensación en el caso de que se traspase el acueducto del Gobierno de la Capital a la Autoridad de Fuentes Fluviales de Puerto Rico bajo los términos de dicha Ley."

No creemos necesario considerar un número de interesantes cuestiones levantadas por los abogados de ambas partes. Por tanto, no vamos a determinar si estaríamos obligados a expedir un auto de *supersedeas* así como fijar la cantidad de la fianza, de estar dispuestos a declarar con lugar la moción de La Capital.

En uso de nuestra discreción denegaremos la moción de La Capital del 28 de abril porque nada hay en el recurso ante nos que pueda suspenderse. La corte de distrito declaró inconstitucionales las leyes en cuestión. Esta corte las declaró constitucionales. Ninguna de las dos sentencias con-

cedió remedio alguno a parte alguna, que fuera susceptible bien de ejecutarse o de suspenderse. Al radicar la petición de sentencia declaratoria ante la corte de distrito, La Capital solicitó un injunction *pendente lite* "prohibiendo a los demandados . . . que lleven a cabo actuación, gestión, diligencia o acto alguno tendiente a hacer efectivo el traspaso del sistema de acueducto . . .". Aunque la corte de distrito expidió una orden para mostrar causa por qué no debía declararse con lugar esta moción de injunction pendente lite, la vista señalada para discutir la misma nunca se celebró, por estipulación de las partes, y por consiguiente, nunca se expidió tal injunction. Tampoco solicitó La Capital de la corte de distrito, después de ésta haber radicado la sentencia declaratoria a su favor, que implementara dicha sentencia mediante algún remedio protector y afirmativo tal como el injunction. Artículo 8 de la Ley Uniforme sobre Sentencias Declaratorias, Ley, núm. 47, Leyes de Puerto Rico, 1931.[1] De igual manera, La Capital nunca ha solicitado tal remedio de esta corte. En lugar de hacer esto, comparece ahora ante esta corte y solicita se apruebe una fianza de supersedeas.

El abogado de La Capital trata de justificar su posición aquí afirmando que la sentencia de la corte de distrito, que él aparentemente cree sería restaurada por el supersedeas, era en efecto legal una prohibición de la corte de distrito contra cualquier actuación de los demandados bajo las leyes que se atacan como inconstitucionales. No podemos encontrar tal lenguaje en la sentencia declaratoria. En verdad, la mejor prueba de que la propia Capital entendía que no solicitaba tal remedio prohibitivo en su petición de sentencia declaratoria fué su propia moción de injunction pendente

---

[1] El propio abogado de La Capital dice en su alegato sometido en apoyo de esta moción que la Ley Uniforme sobre Sentencias Declaratorias "contiene una disposición al efecto de que podrán concederse remedios adicionales fundados en una sentencia o decreto declaratorio, siempre que fueren necesarios o adecuados. Leyes 1931, pág. 381. Así, pues, cualquier parte cuyos derechos hayan sido adjudicados por sentencia, dentro del procedimiento de decretos declaratorios, puede recabar dentro del mismo cualquier remedio adicional."

lite que acompañó a la petición, pero sobre la cual nunca se insistió.

El declarar con lugar la moción de La Capital sería fútil y engañoso. Contrario al injunction, el supersedeas se contrae sólo al procedimiento judicial, a la sentencia en apelación, y no a cuestiones colaterales a la misma (Cyclopedia of Federal Procedure, Vol. 6, §§2862, 2869; 3 Moore's Federal Practice, pág. 3300). La Ley núm. 39, Leyes de Puerto Rico, 1941, Sesión Extraordinaria ((2) pág. 139), según quedó enmendada por la Ley núm. 29, Leyes de Puerto Rico, 1942 ((1) pág. 411), dispone en sus secciones 3, 4 y 5 la actuación administrativa en detalle y la revisión judicial de la misma, que no tiene nada que ver con este procedimiento. Aparentemente, la teoría de La Capital es al efecto de que si concediéramos la moción que ahora consideramos, esa maquinaria administrativa sería paralizada en lo que se resuelve la apelación. Comprendemos la alegación de La Capital en la vista de que si tuviera que comparecer ahora a tales procedimientos administrativos, ello exigiría grandes desembolsos de dinero para abogados y expertos. Pero el suspender la sentencia del 20 de abril no remediaría tal situación. El mantener el statu quo sobre la controversia constitucional específica aquí envuelta mediante la suspensión de los efectos de nuestra sentencia que sencillamente declaró la ley constitucional sin ordenar que se hiciera algo, no evitaría y no podría evitar que se llevara a efecto alguno de los varios pasos administrativos contemplados por las leyes en cuestión (*Cumberland Tel. & Tel. Co.* v. *Louisiana Public Service Commission,* 260 U. S. 212, 215).

Hacemos constar claramente que no pasamos sobre la cuestión de si, una vez presentada prueba satisfactoria al efecto, tendría La Capital derecho a un injunction hasta que se decidiera definitivamente esta apelación, dentro de este procedimiento o en cualquier otro apropiado, bien en el actual estado de los procedimientos o después de ulteriores aconte-

cimientos.(²)   Sólo resolvemos que *la moción de La Capital para que se fije la cuantía de la fianza de supersedeas, por las razones aquí expuestas, no puede concederse.*

---

(²)Indicamos de paso que la sección 5 de la Ley Núm. 29 de 1942 provee que si el Consejo Ejecutivo dispone mediante resolución el traspaso de un acueducto a la Autoridad de las Fuentes Fluviales, la revisión de dicha resolución puede obtenerse ante esta Corte, y que "Al radicarse la petición la resolución del Consejo Ejecutivo quedará por ello en suspenso pendiente de la decisión de la corte." Toda vez que el Consejo Ejecutivo no ha aprobado todavía tal resolución que afecte el acueducto de La Capital, existe un número de acontecimientos que todavía tienen que ocurrir antes de que La Capital tenga que confrontarse al problema de la entrega física de su acueducto.