**NORTH CENTRAL TRUCK LINES, INC.,
a Corporation, Plaintiff,**

v.

**UNITED STATES of America and Interstate Commerce Commission,
Defendants,
and
Dodds Truck Lines, Inc., et al.,
Intervenor-Defendants.**

**Civ. A. No. 73CV61–C.**

United States District Court,
W. D. Missouri, C. D.

Sept. 23, 1974.

Judgment affirmed Jan. 27, 1975.
See 95 S.Ct. 820.

Warren H. Sapp, Kansas City, Mo., for plaintiff.

John H. Wigger, Dept. of Justice, Richard H. Streeter, Interstate Commerce Commission, Washington, D. C., David B. Dysart, Kansas City, Mo., for defendants.

Before GIBSON, Chief Judge, BECKER, Chief District Judge, and HUNTER, District Judge.

### ORDER DENYING PLAINTIFF'S MOTION TO STAY CERTAIN ORDERS OF THE INTERSTATE COMMERCE COMMISSION PENDING APPEAL

WILLIAM H. BECKER, Chief District Judge.

On June 20, 1974, this Three-Judge Court entered a memorandum order and final judgment in the above-entitled action, dissolving the temporary restraining order of May 11, 1973, and entering final judgment in favor of the defendant herein. In that same judgment, a report and order of the Interstate Commerce Commission, reported as North Central Truck Lines, Inc., 117 M.C.C. 180 (1972), was sustained.

On August 19, 1974, plaintiff filed a notice of appeal pursuant to Section 1253, Title 28, United States Code, therein seeking appellate review of this Court's memorandum order and final judgment entered on June 20, 1974.[1]

On August 20, 1974, plaintiff filed herein its "Motion of Plaintiff for Stay of Certain Orders of the Interstate Commerce Commission Pending Appeal," including therewith affidavits and suggestions in support thereof. In its motion for a stay pending appeal, plaintiff states as follows:

---

1. Although plaintiff filed herein its motion for a stay pending appeal one day subsequent to the filing of its notice of appeal, this Court is not divested of jurisdiction to consider and rule on the motion for a stay. *See* Rule 62(c) Fed.R.Civ.P. *See also*, Students Challenging Regulatory Agency Procedures v. United States, 353 F.Supp. 317, 320 n. 2 (D.D.C.1973); Janousek *v.* Doyle, 313 F.2d 916, 920–21 (8th Cir. 1963); Phelan v. Taitano, 233 F.2d 117, 119 (9th Cir. 1956). In addition, Rule 8(a) of the Federal Rules of Appellate Procedure provides, in part, that any "[a]pplication for a stay of the judgment or order of a district court pending appeal, or for approval of a supersedeas bond, or for an order suspending, modifying, restoring or granting an injunction during the pendency of an appeal must ordinarily be made in the first instance in the district court." *See, e. g.,* Long v. Robinson, 432 F.2d 977, 979 (4th Cir. 1970).

"Now comes plaintiff North Central Truck Lines, Inc. and respectfully moves the Court to stay the effective dates of the orders of the Interstate Commerce Commission entered in its docket Nos. MC–C–6595, MC–124128 and MC–1194 and served by the Commission on October 6, 1972, and March 30, 1973, respectively; copies of said orders are annexed hereto as Exhibits 1 and 2. In support of its application, plaintiff shows the Court:

"1. Plaintiff has a strong likelihood of success on the merits of its appeal (said appeal having been initiated by the filing of plaintiff's notice of appeal on this date.);

"2. Plaintiff will suffer severe and irreparable injury if the said orders of defendant Interstate Commerce Commission are not stayed;

3. Plaintiff knows of no interested parties who would suffer substantial injury or damage if this stay is granted;

"4. The public interest will not be harmed if this stay if (sic) granted; and

"5. Such stay is necessary to maintain the *status quo* pending plaintiff's appeal,—all as reflected in the annexed affidavits. Plaintiff relies upon his motion, the attached exhibits and affidavits and its suggestions in support of this application."

Thereafter, on August 23, 1974, counsel for intervenor-defendants filed a "Request for Oral Argument on Plaintiff's Motion for Stay." On that same date, intervenor-defendants filed their suggestions in opposition to plaintiff's motion for a stay pending appeal. Subsequently, on September 13, 1974, counsel for defendants filed herein their "Joint Memorandum of the United States of America and Interstate Commerce Commission in Opposition to Plaintiff's Motion for Stay."

■ A review of the record in the case at bar discloses that the holding of oral argument on plaintiff's motion for a stay pending appeal would not provide any new material information or substantially assist this Court in rendering a decision on plaintiff's motion for a stay. Further, the holding of such oral argument would unnecessarily delay the appeal of this case. Therefore, intervenor-defendants' request for oral argument on plaintiff's motion for a stay pending appeal will be denied.[2]

■ The plaintiff's motion for a stay pending appeal comes before the undersigned Judges pursuant to Rule 62(c) of the Federal Rules of Civil Procedure.[3] Rule 62(c) specifically provides that the determination to grant or deny relief, as requested in the case at bar, is a matter directed to the discretion of the Court. *See also* Stop H–3 Association v. Volpe, 353 F.Supp. 14, 16 (D.Haw.1972); International Brotherhood of Boilermakers, Iron Shipbuilders v. Combustion Engineering, Inc., 337 F. Supp. 1349, 1352 (D.Conn.1971); *cf.* Landis v. North American Co., 299 U.S. 248, 254–55, 57 S.Ct. 163, 166, 81 L.Ed. 153, 158 (1936). In exercising that discretion, the following accepted criteria must generally be considered: (1) the moving party must make a strong showing that success on the merits of the ap-

---

2. Rule 62(c) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[i]f the judgment appealed from is rendered by a district court of three judges specially constituted pursuant to a statute of the United States, no such order [suspending, modifying, restoring or granting an injunction pending appeal] shall be made except (1) by such court sitting in open court, or (2) *by the assent of all the judges of such court evidenced by their signatures to the order.*" (Emphasis added.)

3. The provision of the second and concluding sentence of Rule 62(c), which concerns three-judge court orders, was inserted to codify the principles established by the Supreme Court of the United States in the case of Cumberland Telephone & Telegraph Company v. Public Service Commission, 260 U.S. 212, 43 S.Ct. 75, 67 L.Ed. 217 (1922). *See also* 7 Moore's Federal Practice, ¶ 62.05, pp. 62–22 to 62–23 (2nd ed. 1974); 11 Wright and Miller, Federal Practice and Procedure, § 2904, p. 315 n̈. 33 (1973).

peal is likely; (2) the party must establish that unless a stay is granted irreparable harm will result; (3) no substantial harm will come to other interested parties; and (4) the granting of a stay would do no harm to the public interest. Virginia Petroleum Jobbers Association v. Federal Power Commission, 104 U.S.App.D.C. 106, 259 F.2d 921, 925 (1958); Belcher v. Birmingham Trust National Bank, 395 F.2d 685, 686 (5th Cir. 1968); Pitcher v. Laird, 415 F.2d 743, 744–745 (5th Cir. 1969); Fortune v. Molpus, 431 F.2d 799, 804 (5th Cir. 1970); Long v. Robinson, 432 F.2d 977, 979 (4th Cir. 1970); Bauer v. McLaren, 332 F.Supp. 723, 729 (S.D.Iowa 1971); Environmental Defense Fund, Inc. v. Froehlke, 348 F.Supp. 338, 366 (W.D. Mo.1972), affirmed, 477 F.2d 1033 (8th Cir. 1973); Environmental Defense Fund, Inc. v. Froehlke, 368 F.Supp. 231, 256 (W.D.Mo.1973); 7 Moore's Federal Practice, ¶ 62.05, p. 62–25 (2nd ed. 1974); 11 Wright and Miller, Federal Practice and Procedure, § 2904, p. 316 (1973).

██ Under the first criterion, it is found that the plaintiff has failed to make a strong showing or any showing that success on the merits of the appeal will ultimately be achieved. Plaintiff has failed to state any legal or factual contentions which would justify this Court in entertaining any serious doubt as to the correctness of the final judgment entered on June 20, 1974. See Virginian Railway Co. v. United States, 272 U.S. 658, 673, 47 S.Ct. 222, 71 L.Ed. 463, 471 (1926). Nor has the plaintiff shown that there is any conflict in the decisions of the courts. The decisions[4] of the Interstate Commerce Commission with respect to the interpretation of the certificate in question have been affirmed by a Three-Judge District Court in Illinois in the case of Andrew G. Nelson, Inc. v. United States, 150 F.Supp. 181 (N.D.Ill.1956), and also by this Three-Judge Court. In addition, the de-

cision in the Nelson case was unanimously affirmed by the Supreme Court of the United States in Andrew G. Nelson, Inc. v. United States, 355 U.S. 554, 78 S.Ct. 496, 2 L.Ed.2d 484 (1958), reh. denied, 356 U.S. 934, 78 S.Ct. 770, 2 L. Ed.2d 763 (1958). Furthermore, the present action does not entail new legal questions which might cause some doubt to exist as to the substantive correctness of a decision affecting an injunctive order. See, e. g., Rodriguez v. San Antonio Independent School District, 337 F. Supp. 280 (W.D.Tex.1972), reversed, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973), reh. denied, 411 U.S. 959, 93 S. Ct. 1919, 36 L.Ed.2d 418 (1973); Bradley v. School Board of City of Richmond, Virginia, 338 F.Supp. 67 (E.D.Va.1972), reversed, 462 F.2d 1058 (4th Cir. 1972), affirmed, 412 U.S. 92, 93 S.Ct. 1952, 36 L.Ed.2d 771 (1973), reh. denied, 414 U. S. 884, 94 S.Ct. 31, 38 L.Ed.2d 132 (1973); see also, 7 Moore's Federal Practice, ¶ 62.05, p. 62–25 fn. 15c (2nd ed. 1974). In these circumstances, it is concluded that there is little if any likelihood that plaintiff will succeed on the merits of the appeal. Cf. Bayless v. Martine, 430 F.2d 873, 879 (5th Cir. 1970); Benoit v. Gardner, 345 F.2d 792 (1st Cir. 1965).

██ Second, with respect to the criterion of irreparable injury, plaintiff states that a denial of its motion for a stay "would in effect require plaintiff to abandon a very large portion of its operations" and that it would ". . . lose substantial sums of money in prepaid expenses and capital outlays which could not be recouped if this Court's decision were reversed on appeal." This contention is somewhat counterbalanced by the fact that the "irreparable injury" to which plaintiff refers constitutes, in essence, the unlawful diversion of business from the intervenor-defendants and others similarly situated. Assuming that some injury may result to the plaintiff if success on the merits of the appeal is

---

4. Docket No. MC–C–1610, Andrew G. Nelson, Inc., Investigation of Operations, 63 M.C.C. 407 (1955); and Docket No. MC–C–6595,

North Central Truck Lines, Inc., Investigation and Revocation of Certificate, 117 M.C. C. 180 (1972).

attained, it is concluded that the same would not be irreparable or substantial in comparison with the other competing interests to be considered. *Cf.* Virginia Petroleum Jobbers Association v. Federal Power Commission, 104 U.S.App.D.C. 106, 259 F.2d 921, 925 (1958).

 Third, substantial harm would result to other interested parties if the unlawful operations of the plaintiff were to continue. The record presented to this Court discloses numerous references to lost operating revenues incurred by intervenor-defendants and other interested common carriers which hold interstate authority to transport commodities in the area in which plaintiff operates. The scope of the potential economic injury to intervenor-defendants and others as a whole would be certain and substantial, and not merely "speculative" as plaintiff contends.

■ Fourth, the public interest, which must be taken into account in a case such as the one at bar, Virginia Petroleum Jobbers Association v. Federal Power Commission, 104 U.S.App.D.C. 106, 259 F.2d 921, 925 (1958), would not appear to be served by permitting plaintiff to maintain the operations in question.

It is clear from the record in this case and other judicial and administrative actions, that for years plaintiff has persisted in relitigating settled questions under cover of judicial injunctions to frustrate the lawful authority of the Interstate Commerce Commission. This Court cannot lend its authority to a continuance of this conduct.

Upon a full and careful review of the record and the suggestions in opposition and in support of the motion under consideration herein, it is concluded that plaintiff has failed to meet any of the four criteria heretofore discussed, or otherwise stated any exceptional circumstances to warrant the granting of relief herein. Therefore, plaintiff's motion

for a stay pending appeal should be denied and the orders in question of the Interstate Commerce Commission should become effective.

For the foregoing reasons, it is therefore

Ordered that plaintiff's motion to stay certain orders of the Interstate Commerce Commission pending appeal be, and it is hereby, denied.