CHEVRON CORPORATION, Plaintiff,

v.

Steven DONZIGER, et al., Defendants.

No. 11 Civ. 0691(LAK).

United States District Court,
S.D. New York.

Signed March 20, 2014.

Andrea Ellen Neuman, Anne Marie Champion, Avi Weitzman, Christopher Michael Joralemon, Georgia K. Winston, Jefferson Eliot Bell, Jeffrey David Coren, Mary Beth Maloney, Randy M. Mastro, Reed Michael Brodsky, Gibson, Dunn & Crutcher, LLP, New York, NY, Jason B. Stavers, Robert C. Blume, Gibson, Dunn & Crutcher, LLP, Denver, CO, Scott A. Edelman, William Edward Thomson, Gib-

son, Dunn & Crutcher, LLP, Los Angeles, CA, for Plaintiff.

## MEMORANDUM AND SCHEDULING ORDER

LEWIS A. KAPLAN, District Judge.

In an opinion dated March 4, 2014, 974 F.Supp.2d 362 (S.D.N.Y.2014) (the "Opinion"), this Court found that defendant Steven Donziger and others procured a multibillion Ecuadorian judgment against defendant Chevron Corporation ("Chevron") by fraud as well as bribery and coercion of Ecuadorian judges. It entered judgment against Donziger, his law practice, and two of the Ecuadorian clients on whose behalf Donziger acted. The judgment imposed a constructive trust on any property traceable to the Ecuadorian judgment and granted related relief in order to ensure that Donziger and these two Ecuadorian plaintiffs could not profit from their fraud. It also restrained them from seeking enforcement or recognition of the Ecuadorian judgment in the United States. DI 1875.

. Two weeks later, these defendants filed what they styled an emergency motion for a stay pending appeal or, in the alternative, a temporary administrative stay. The motion is extraordinary in at least two substantial procedural respects.

*First,* the motion is unsupported by any affidavit or other evidence. It seeks a decision by March 25, 2014. And it invites the Court to deny its motion, without hearing from Chevron and without issuing an opinion, so that it may bypass any reasoned consideration by the district court in favor of initial resort to the Court of Appeals.

■■■■ The defendants' proposal is in flat contravention of the policy of Federal Rule of Appellate Procedure 8(a)(1). That rule requires initial resort to the district court precisely because that "court ... is best and most conveniently able to exercise the nice discretion needed to determine th[e] balance of convenience" that must be considered in deciding whether to grant a stay pending appeal. *Cumberland Tel. Co. v. Pub. Serv. Comm.,* 260 U.S. 212, 219, 43 S.Ct. 75, 67 L.Ed. 217 (1922) (relied upon in Advisory Committee Note to Fed. R.App.P. 8(a)). That is so because the district court "is the one which has considered the case on its merits and, therefore, is familiar with the record," and it is especially so where, as here, the record is "very voluminous." *Id.* As the Second Circuit (per Judges Hand and Chase, and Chief Judge Swan) put it in another case relied upon by the Advisory Committee:

"[I]t is obviously desirable that he [the movant] shall first apply to the trial judge, who necessarily knows more of the case than the circuit court of appeals ·can learn, certainly while the record remains in the district court, as it almost always does. His ruling will help us greatly, particularly if he states why he does not think the appeal raises any 'substantial question which should be reviewed.' In that event, the defendant will have to satisfy us that the judge's reasoned conclusion should not prevail, and we shall not be left in a welter of assertion and counter-assertion in affidavits from which we have no adequate means of emerging."

*United States v. Hansell,* 109 F.2d 613 (2d Cir.1940) (per curiam).

*Second,* the motion does not comply with this Court's rules, which are quite clear. A party against whom a non-discovery motion is made and which is served electronically has 17 days in which to respond. The movant, assuming it too is served electronically, then ·has an additional ten days in which to reply. S.D.N.Y. Local R. 6.1(b). In appropriate circumstances of

urgency, a movant may seek an order to show cause to bring on a motion on shorter notice and interim relief pending the hearing of the motion. In such cases, however, the movant is obliged to support the application with an "affidavit of good and sufficient reasons why a procedure other than by notice of motion is necessary, and stating whether a previous application for similar relief has been made." *Id.* 6.1(d). No such affidavit has been submitted in support of the present motion.

The failure to submit the required affidavit might be overlooked, at least for purposes of scheduling the hearing of this motion, if the movants had made out a sufficient showing of likely irreparable injury *in the period between the making of the motion and its disposition on a schedule consistent with the rules*. But they have not. Indeed, they have not even sought to do so, resting instead on their claims of irreparable injury warranting a stay pending appeal, which naturally would require a much longer period. And those arguments, whatever merit they might have with respect to such a longer period, are unpersuasive with respect to a period of two to four weeks that would be required to hear and determine this motion in the ordinary course.[1] Indeed, that is evident from the fact that defendants did not seek relief for two full weeks after the judgment was entered against them.

Chevron is entitled to a proper opportunity to respond to defendants' motion. All parties (and the Court of Appeals, to which the loser is likely to proceed) are entitled to the Court's careful consideration, particularly where, as footnote 1 illustrates, familiarity with the enormous record in this case may prove quite important. There is no persuasive basis to think that any irreparable harm will befall these defendants if sufficient time were allowed to permit both. Accordingly, the motion will be heard on the following schedule, which conforms exactly to that provided by S.D.N.Y. Local R. 6.1(b), read as it must be in conjunction with Fed.R.Civ.P. 6 (including 6(d)) and S.D.N.Y. Local R. 6.4, unless the parties agree in writing to a different schedule:

> Chevron's opposing papers shall be filed and served no later than March 31, 2014.
>
> Movants' reply papers, if any, shall be served and filed no later than April 11, 2014.

SO ORDERED.

---

**1.** At least some of them appear to be downright frivolous whether considered in the context of a two to four week period of consideration of this motion or in a longer context. For example, they argue that "unless a stay issues, Mr. Donziger and the other defendants face the loss of real property—a loss that, even if temporary, is recognized as irreparable harm as a matter of law." DI 1888 at 18. But the judgment imposes a constructive trust only on real property "that is traceable to the Judgment or the enforcement of the Judgment." Judgment ¶¶ 1–2. There is no evidence that any of the defendants save Donziger himself owns any real property, let alone real property "that is traceable to the Judgment" or its enforcement. Nor is there any evidence that Donziger owns any real property other than real estate obtained by him in consequence of probate litigation he instituted in Florida against family members, which of course is not traceable to the Judgment or its enforcement. Opinion [DI 1874] at 263–64 n. 1098. So the claim that defendants face the loss of real property in consequence of the Judgment is spun entirely out of whole cloth.