**CAROLINA PIPELINE COMPANY,**
**Appellant,**

**v.**

**YORK COUNTY NATURAL GAS AU-**
**THORITY, Appellee.**

**No. 11454.**

United States Court of Appeals
Fourth Circuit.

Argued Dec. 6, 1967.

Decided Dec. 29, 1967.

See also D.C., 238 F.Supp. 964.

Charles W. Knowlton, Columbia, S. C. (John M. Spratt, York, S. C., Boyd, Bruton, Knowlton & Tate, Columbia, S. C., and Gressette & Gressette, St. Mathews, S. C., on brief), for appellant.

D. W. Robinson, II, Columbia, S. C. (Robinson, McFadden & Moore, Columbia, S. C., and Spencer & Spencer, Rock Hill, S. C., on brief), for appellee.

Before BRYAN, CRAVEN and BUTZNER, Circuit Judges.

PER CURIAM:

The propriety of the District Court's stay at the instance of the defendant of a

suit by the Carolina Pipeline Company against the York County Natural Gas Authority, in an appropriate State court in South Carolina, is the sole question on this appeal. Without intending, of course, any determination of the remaining issues of the case, we uphold the order in both its aspects now on review.

In that suit the Company sought a declaratory judgment to the effect that the Authority did not have the exclusive right to make natural gas sales to industries in York County, but that the Company could make similar sales without the assent of the Authority, subject only to regulation by the Public Service Commission of the State. The Company is a private Delaware corporation admitted to do business in South Carolina, and the Authority is an incorporated State agency.

The District Court had previously, February 10, 1965, approved a plan of the Authority for a composition of its debts pursuant to the Bankruptcy Act, Chapter 9, 11 U.S.C. § 401 et seq. The Authority's origin and purpose, its petition and plan, are stated in our opinion in Mozingo v. York County Natural Gas Authority, 352 F.2d 78 (4 Cir. 1965) cert. den. 383 U.S. 970, 86 S.Ct. 1277, 16 L.Ed.2d 310. Implementation of the plan was still in process at the time of the District Court's stay.

 As one of its principal resources, the Authority claimed the exclusive right to sell natural gas in York County. A vital asset, if belonging to the Authority, it was a property right passing into the exclusive care and custody of the bankruptcy court by virtue of the order approving the Authority's plan. Poinsett Lumber and Mfg. Co. v. Drainage District No. 7, 119 F.2d 270, 272 (8 Cir. 1941); Isaacs v. Hobbs Tie & Timber Co., 282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645 (1931). Conceivably the State court suit could mean the removal of this property from the bankruptcy estate, and hence the issue of ownership was of primary concern to the administering court.

In the effectuation of the composition plan the Federal Court was empowered to enjoin further pursuit of the State court action, and require submission of the controversy to the bankruptcy court for decision, the further prayer of the Authority in its petition for the stay. 11 U.S.C. §§ 401, 11(15), 403(c); 28 U.S.C. § 2283. If the District Court in its discretion could have granted the plaintiff leave to proceed in the State court for determination of the respective rights of the parties, it would have necessarily been conditioned on the proviso that no execution of the judgment should follow except in the bankruptcy court. The refusal of that option instantly was not an abuse of discretion. In this consideration it is noteworthy that the exercise of Federal jurisdiction was at the solicitation of the State agency itself, and not an intrusion by the Federal Judge into a State matter.

Affirmed.