William G. PETUSKEY et al., Plaintiffs-Appellants,

Brian Florence, Intervenor-Appellant,

v.

Calvin L. RAMPTON, as Governor of the State of Utah, et al., Defendants-Appellees.

Nos. 661–69, 662–69.

United States Court of Appeals, Tenth Circuit.

Sept. 2, 1970.

William J. Lockhart and A. Wally Sandack, Salt Lake City, Utah, for plaintiffs-appellants and intervenor-appellant.

Robert B. Hansen and Melvin E. Leslie, Asst. Attys. Gen. (Vernon B. Romney, Atty. Gen., State of Utah, on the brief), for defendants-appellees.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The problems pertaining to three-judge district court litigation reach a peak of some sort in the unusual situation presented by these appeals. We are asked to review the decision of the three-judge court and the later and contradictory decision of the single judge. We hold that we have appellate jurisdiction over each, affirm the three-judge decision, and reverse the injunctions granted by the single judge.

A statement of the history of the litigation must precede any attempt to get at the issues. On January 16, 1963, Petuskey and others sued the governor of Utah and other state officials claiming an unconstitutional apportionment of the Utah legislature. A three-judge district court was promptly convened. That court held that the apportionment was federally unconstitutional and retained jurisdiction. See 234 F.Supp. 960, decided September 12, 1964. A reapportionment effort by the Utah legislature was later modified and the court again retained jurisdiction. See 243 F.Supp. 365, decided July 3, 1965.

On January 28, 1965, the Utah legislature adopted S.J.R. No. 3, which "applies to the Congress of the United States to call a convention for the purpose of proposing * * * an amendment to the Constitution of the United States" which would provide for the apportionment of one House of a state legislature on a basis other than population. See U.S.Const., Art. V. The Utah Secretary of State promptly forwarded a copy of S.J.R. No. 3 to the Congress of the United States.

On June 6, 1969, Florence filed a motion for leave to intervene, asserting that S.J.R. No. 3 was void because enacted by a malapportioned legislature. The district judge before whom the original case had fallen granted a temporary restraining order. The three-judge court was reconvened, and a hearing was held. On July 8, 1969, the three-judge court dissolved the restraining order, denied the intervention as untimely, and dissolved the three-judge court, but did not dismiss the case.

On August 6, 1969, without notice to the defendants and without any further hearing, the single judge granted leave to the original plaintiffs to amend their complaint so as to assert the invalidity of S.J.R. No. 3, allowed the intervention, and granted a preliminary injunction. See 307 F.Supp. 235.

The plaintiffs and the intervenor on the next day filed a notice of appeal from the July 8, 1969, order of the

three-judge court. This appeal is No. 661–69.

On August 20, 1969, the defendants filed a notice of appeal from the preliminary injunction granted on August 6 by the single judge. This appeal is No. 662–69.

The defendants then answered the amended complaint and the petition in intervention. The single judge conducted a hearing, made findings of fact and conclusions of law, and entered a judgment that S.J.R. No. 3 was void and that the Secretary of State was "enjoined and commanded" to advise Congress that S.J.R. No. 3 was invalid. The judgment was entered October 10, 1969. See 307 F.Supp. 235, 255.

On the same day the defendants filed a notice of appeal from that judgment. This appeal has never been docketed in the court of appeals.

Several days later the plaintiffs and intervenor moved to present additional evidence and to amend the findings of fact, conclusions of law and judgment. A stipulation of facts was made and the court amended its findings.

On October 31, 1969, the parties filed in the district court a stipulation that "all pending appeals * * * may be consolidated" and designated the record. On January 2, the clerk of the court of appeals, pursuant to Court Rule 11(e), entered an order consolidating the appeals in Nos. 661–69 and 662–69. The undocketed appeal from the permanent injunction was not included in the consolidation order.

■ The first question is what is before us. Ordinarily when a case is appealed the district court loses jurisdiction over it. Aune v. Reynders, 10 Cir., 344 F.2d 835, 841, and cases cited in note 16. Nothing in the record before us presents an extraordinary situation taking this case out of the rule. It is unnecessary to decide whether the loss of jurisdiction occurred on August 7, 1969, when the plaintiffs and intervenor appealed from the order of the three-judge court or on August 20, 1969, when the defendants appealed from the preliminary injunction. Nothing of importance happened in the case between those two dates. The district court lost jurisdiction no later than August 20. All actions taken by it thereafter are void because of the absence of jurisdiction. The permanent injunction is set aside and dissolved.

The appeal from the order entered by the three-judge district court presents an anomalous situation. This appeal was taken by the plaintiffs and intervenor, who seek to establish the invalidity of S.J.R. No. 3. Before the appeal was taken they had attained their objective with the single judge's grant of a preliminary injunction.

■ Section 1253, Title 28, gives the Supreme Court jurisdiction over an appeal "from an order granting or denying, after notice and hearing, an interlocutory or permanent injunction" in a case required to be heard by three judges. Assuming the case was properly heard by three judges, the quoted language does not apply here. The three-judge panel did not grant or deny an interlocutory or permanent injunction. In view of the strict construction the Supreme Court has given this language in order to limit its appellate jurisdiction over three-judge orders, see Goldstein v. Cox, 396 U.S. 471, 90 S.Ct. 671, 24 L. Ed.2d 663; Mitchell v. Donovan, 398 U. S. 427, 90 S.Ct. 1763, 26 L.Ed.2d 378, and Gunn v. University Committee to End War in Vietnam, 399 U.S. 383, 90 S.Ct. 2013, 26 L.Ed.2d 684, we believe that the Court would not consider this order to be appealable to it.

■ We still have the question of our jurisdiction to hear the appeal. The problem does not relate to the dissolution of the restraining order, which would ordinarily not be appealable. Cf. Hyde Construction Company v. Koehring Company, 10 Cir., 388 F.2d 501, 511, cert. denied 391 U.S. 905, 88 S.Ct. 1654, 20 L.Ed.2d 419. Rather it centers around the denial of the intervention and the subsequent dissolution of the statutory court.

The Supreme Court has held that dissolution for lack of jurisdiction is reviewable by the courts of appeals rather than by the Supreme Court. Mengelkoch v. Industrial Welfare Commission, 393 U.S. 83, 89 S.Ct. 60, 21 L.Ed.2d 215; see also Wilson v. City of Port Lavaca, 391 U.S. 352, 88 S.Ct. 1502, 20 L.Ed.2d 636. Whatever may have been the reason for the dissolution, the fact remains that in the case at bar the three-judge court rejected the intervention and without it there was no jurisdiction over the constitutionality of S.J.R. No. 3. The dissolution is therefore reviewable by this court. In view of the interrelationship of the denial of intervention and the dissolution, and in the interests of orderly procedure, we feel constrained to hold that we also have jurisdiction to consider the intervention question.

■■■ The propriety of the dissolution hinges on the denial of the intervention. The only substantive issue before the court—the validity of S.J.R. No. 3—was presented primarily by the intervenor. It is true that the plaintiffs sought to amend their complaint to assert the invalidity of S.J.R. No. 3, but the motion was not ruled on by the three judges, and absent action on their part we will not consider it. Thus, if the intervention was properly denied, the dissolution which followed was a matter within the discretion of the court, for there was no longer anything before it other than the original case, which had been dormant for four years.

The requested intervention was not of right under Rule 24(a), F.R.Civ.P. The subject matter of the original action is the malapportionment of the legislature. That of the intervention is the validity of an act of such a legislature. These are separate problems. The pendency of the malapportionment suit is no bar to a suit asserting the invalidity of S.J.R. No. 3 and does not impair or impede the ability of the intervenor to attack the joint resolution. The common question of law and fact, malapportionment, brings the petition within the Rule 24(b) provisions on permissive intervention. In the absence of an abuse of discretion no appeal lies when the intervention is permissive. Brotherhood of Railroad Trainmen v. B. & O. R. Co., 331 U. S. 519, 525, 67 S.Ct. 1387, 91 L.Ed. 1646. There was no abuse of discretion in denying permissive intervention six years after the case was brought and four years after the last court action in the case. Moreover, the intervention sought to inject a new and different issue.

■■■ We conclude that we have jurisdiction over the appeal from the order of the three-judge court and we affirm that order.

The judge before whom the case had originally fallen dissented from the three-judge order. The case was still before him because the panel had not ordered dismissal. Rosado v. Wyman, 397 U.S. 397, 402–403, 90 S.Ct. 1207, 25 L. Ed.2d 442. Without notice or further hearing he permitted the plaintiffs to amend their complaint to include the validity of S.J.R. No. 3, granted the intervention, and entered a mandatory preliminary injunction requiring the Secretary of State to secure the return of the joint resolution.

So far as we can ascertain, the situation is without parallel in the annals of three-judge district court litigation. When the single judge granted the temporary restraining order, as permitted by § 2284(3), he granted the intervention "for the purposes set forth in this order." Section 2284(5) says that "action of a single judge shall be reviewable by the full court at any time before final hearing." The panel denied intervention and dissolved the restraining order. The question is the power of the single judge to thereafter nullify the action of the panel.

We find no cases in point. Public Service Commission of Missouri v. Brashear Freight Lines, Inc., 312 U.S. 621, 61 S.Ct. 784, 85 L.Ed. 1083, was concerned with the assessment of damages after a three-judge court had found the statute attacked to be constitutional. The Court held that damages were to be determined by a single judge. Our con-

cern is with the right to have relief, not with incidental matters arising after the denial of relief. Rosado v. Wyman, supra, related to the power of a single judge to hear a pendent statutory challenge after a three-judge court had dismissed a constitutional claim. We are not concerned with pendent jurisdiction.

Three-judge district court problems are troublesome enough without the spectacle of one judge undoing what a three-judge court has done. We believe that procedural considerations require the orderly review of the three-judge court action by an appellate court. Here the single judge, in defiance of the three-judge court action, entered orders wholly incompatible with that action. This does not comport with our ideas of proper procedure.

Be that as it may, we are convinced that the grant of the preliminary injunction cannot be sustained. Section 2281, 28 U.S.C., provides:

> "An interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute * * * shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title."

We are concerned with state legislative action which is denominated a "joint resolution." Section 2281 refers to a "State statute." We waste no time with a quibble about words. In American Federation of Labor v. Watson, 327 U.S. 582, 592–593, 66 S.Ct. 761, 765, 90 L.Ed. 873, the Supreme Court said that "statute," as used in a predecessor of § 2281, "is a compendious summary of various enactments, by whatever method they may be adopted, to which a State gives her sanction." A joint resolution by which the Utah legislature gave the sanction of the state is a "statute" within the purview of § 2281.

In a prolix argument that threshes all chaff possible from an ever-increasing number of decisions bearing on three-judge district courts the plaintiffs and intervenor argue that, under the narrow construction of § 2281 by the Supreme Court, the issue was properly heard and determined by a single judge. Essentially the contention is that the injunctive relief sought is not within § 2281 because S.J.R. No. 3 is not subject to "enforcement, operation or execution." We shall not indulge in any analysis of the multitude of decisions which are cited. They do not present the facts with which we are faced.

The action taken by the legislature is of no effect unless communicated to the Congress of the United States. Acting under legislative direction, the Secretary of State made the necessary communication. In so doing he was operating under, and executing, the joint resolution. The argument that such action was national, rather than state, does not persuade us. The national action, if any, would be the calling of a constitutional convention. Utah has announced that as a matter of state policy it favors such a call. Its action was that of a state and does not partake of a national flavor. The mandatory preliminary injunction against the Secretary of State interferes with his execution of a mandate of the state legislature. In our opinion the mandatory injunction was beyond the power of the single judge.

We refrain from any discussion of the merits. As we read Stratton v. St. Louis Southwestern Railway Company, 282 U.S. 10, 51 S.Ct. 8, 75 L.Ed. 135, and Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794, our decision is limited to the determination of whether the issue should be heard and decided by a three-judge court. This is not a case like Bailey v. Patterson, 369 U.S. 31, 33, 82 S. Ct. 549, 7 L.Ed.2d 512, where the question is foreclosed as a litigable issue.

We hold:

1 - The permanent injunction is void for lack of jurisdiction.

**384**

2 - The August 6, 1969, preliminary injunction and accompanying orders, which are the subject of the appeal in No. 662–69, are reversed and held for naught.

3 - The July 8, 1969, orders of the three-judge district court, which are the subject of the appeal in No. 661–69, are affrmed.

4 - The costs shall be borne by the appellants in No. 661–69 and the appellees in No. 662–69.