19135

STANDARD SAVINGS & LOAN ASSOCIATION, Respondent, v. Frank A. EVANS, United States of America, Hygrade Food Products, and South Carolina Tax Commission, Appellants.

(178 S. E. (2d) 145)

*Messrs. Joseph O. Rogers, Jr., United States Attorney, Wistar D. Stuckey, Assistant United States Attorney,* of Columbia, and *Robert V. Zener,* and *Judith S. Seplowitz,* of Washington, D. C., *for Appellants,*

*George M. Lee, Jr., Esq.,* of Columbia, *for Respondent,*

December 4, 1970.

LITTLEJOHN, Justice.

The sole question for determination on this appeal is whether a second mortgage lien acquired through a Small Business Administration loan has priority over the attorney's fee for a first mortgage foreclosure brought by Standard Savings & Loan Association. The lower court held that the claim of the first mortgagee's attorney for a fee for bringing the foreclosure action had priority over the second mortgage debt. The United States of America, representing the Small Business Administration, appealed.

The plaintiff brought an action to foreclose its first mortgage. Frank Evans, the mortgagor, and the United States of America, and several other creditors were made parties defendant. Plaintiff sought judgment for the amount due under the note and first mortgage, along with attorney's fees.

In its answer the United States claimed a mortgage lien against the property and asserted its debt as a prior claim to the attorney's fee provided for in the first mortgage of plaintiff.

The lower court found (1) that the plaintiff was due $9,478.56, representing principal and interest, (2) that $925 was a reasonable fee for plaintiff's attorney, and (3) that the United States was due $18,254.49. The court ruled that the first mortgagee's attorney fee should be paid before the United States' second mortgage debt.

At the foreclosure sale the property brought more than enough to pay the first mortgage debt and the attorney's fee, but did not bring enough to pay the second mortgage debt

in full. The funds have been disbursed with the exception of the disputed $925 attorney fee, which is the subject of the contest before us at this time.

■ The priority of a debt due the United States is always a Federal question. Before November 2, 1966, the well established Federal common law rule of "first-in-time, first-in-right" was applicable. *United States v. Pioneer American Insurance Co.*, 374 U. S. 84, 83 S. Ct. 1651, 10 L. Ed. (2d) 770 (1963), and *United States v. Equitable Life Assurance Society*, 384 U. S. 323, 86 S. Ct. 1561, 16 L. Ed. (2d) 593 (1966).

Under the Federal common law it was the rule that an attorney fee of a first mortgage holder did not take priority over a governmental lien unless the fee had become choate; an attorney fee did not become choate until the amount was established.

On November 2, 1966, Congress passed the Federal Tax Lien Act and made local law applicable as to priorities. (P. L. 89-719, 80 Stat. 1125). Interpreting that statute the lower court held:

"The new Federal Tax Lien Act, which became effective November 2, 1966, extends the priority of plaintiff's mortgage to include not only the debt and interest, but also taxes, attorneys' fees, cost of property insurance and costs of the action. The local law now prevails as to priority."

We think the lower court reached the right result and we affirm, but on grounds somewhat dissimilar to those relied upon by the circuit judge.

There is no question but that under the local South Carolina law the first mortgage attorney fee ranks prior to the second mortgage debt. (See Section 45-55 of the 1962 Code.)

We agree with counsel for the United States that the 1966 Federal Tax Lien Act does not of itself change the priority of the claims here involved. The Act amends the Internal Revenue Code and applies only to tax lien cases.

At the same time, an analysis of the Act's rationale demands that the Federal common law rule herein referred to, be changed. The cases cited by the government in support of its claim of "first-in-time, first-in-right" were decided prior to the enactment of the Federal Tax Lien Act in 1966. Congress has now established new priorities where tax liens are involved. It has declared that first mortgage foreclosure attorney's fees may take precedence over tax liens due the United States Government. Certainly, the collection of taxes is basic to the operation and very existence of the Federal Government. We can see no justifiable reason for this court to adopt in the present situation, where the Small Business Administration is operating as a money lending agency, a rule more stringent than that deemed necessary by the Congress in the important field of taxation. Our ruling is consistent with *Ault v. Harris,* C. A. 9, 432 F. (2d) 441, decided September 1, 1970. There is no Federal legislation indicating a Congressional attempt to exempt such security interest from the requirements of local laws which govern the validity of security interest in respect to all other lenders. *Ault, supra.*

In *Ault, supra,* the court declared that the local law prevailed, though not covered by the 1966 Act. It applied the rule established by Congress in tax cases to the facts at hand which also involved a second lien held by the Small Business Administration. We do likewise.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.