**Ruby Moore HAYDEN, Plaintiff,**

v.

**Horace C. PREVATTE et al., Defendants.**

**Civ. A. No. 70-679.**

United States District Court,
D. South Carolina,
Rock Hill Division.

May 28, 1971.

George A. Gill, Jr., Rock Hill, S. C., for Ruby Moore Hayden.

James D. McCoy, III, Asst. U. S. Atty., D. S. C., Greenville, S. C., for defendant Small Business Administration.

## ORDER

HEMPHILL, District Judge.

The Small Business Administration, a defendant and a secured (mortgage) creditor of defendant Horace C. Prevatte, filed objection to the Report of the Special Referee. Specifically, the Small Business Administration objects to the priority awarded (by recommendation), by the Special Referee, of attorney's fees as part of the first lien (mortgage) priority.

It is admitted that plaintiff had a first lien by virtue of a 1962 Real Estate Mortgage, duly recorded. This mortgage, along with the note evidencing the indebtedness, provided for attorney's fees in event of default. The position of the Small Business Administration is that since default and foreclosure did not occur, and pursuit of attorney's fees was not commenced by the first mortgagee until 1970, that the 1969 lien of Small Business, duly recorded, deserves priority to the attorney's fees on the 1962 mortgage. It is argued that the lien of attorney's fees did not become "choate" until fixed by the court.

The original[1] purchase money real estate mortgage given by Horace C. Prevatte to Ruby L. Moore Hayden, securing an acknowledged indebtedness of Sixteen Thousand ($16,000.00) Dollars, was filed in the Office of Clerk of Court[2] for York County, S. C., September 18, 1962. This instrument recorded the fact that:

And should the said Note secured by this mortgage be placed in the

---

1. Filed as plaintiff's exhibit "B" before the Special Referee, Book 269 at page 493.

2. Also the office of Registrar of Mesne Conveyances.

hands of an attorney for collection, upon default of payment by the mortgagor, or should the premises subject to this mortgage or the owner become involved in legal action of any sort looking toward the forced sale of said premises on the assertion of any *claim* against the same, then it is agreed that a fee of 10% of the amount due under this mortgage, or such greater or lesser amount as may be determined by the court to be reasonable under the circumstances, shall be added to cover attorney's fees for collection of same, or for other legal services involved in protecting the rights of the holder hereof in the security property, and payment of such fees, together with all necessary costs, *shall be secured by this mortgage as a part of the total mortgage debt.* [Emphasis added.]

This language was recorded as part of the mortgage instrument, as notice to subsequent creditors in accordance with South Carolina statute [3] law. It is admitted that the Small Business Administration became a subsequent creditor with notice.[4] The purpose of the South Carolina recording statute is to protect subsequent creditors and purchasers without notice. Epps v. McCallum Realty Co. (1927), 139 S.C. 481, 138 S.E. 297. Generally, Federal courts, in passing on the effect to be given registration statutes, and the failure to comply with them, are bound by decisions of the State courts interpreting such statutes. Industrial Corp. v. Cappelman, 284 F. 8 (4th Cir. 1922); Firestone Tire and Rubber Co. v. Cross, 17 F.2d 417 (4th Cir. 1927).

Small Business Administration, however, chooses to ignore the notice it admits, and claims priority over all claims by the plaintiff for attorney's fees arising out of the proceeding.[5] It rests its case on the holding in United States of America v. City of New Britain, Conn. (1954), 347 U.S. 81, 74 S.Ct. 367, 98 L. Ed. 520, arguing that the lien for attorney's fees did not become choate until *after* foreclosure when the Referee made a specific finding as to amount.

This court injects no quarrel with *New Britain,* supra, nor those holdings where tax liens are involved. The case, as noted in the excellent report of the Special Referee, deals with a tax lien created by a Federal statute. The Referee explored the ruling in United States v. Pioneer America Ins. Co. (1963), 374 U.S. 84, 83 S.Ct. 1651, 10 L.Ed.2d 770, wherein the uncertainty of the amount of the attorney's fee at the time the Federal tax liens attached forfeited the right to claim a priority to the attorney's fee over the tax liens.

No priority of *tax* liens is at issue here. If such were the case the clear exception propounded by Congress in 26 U.S.C. 6323 [6] (b) (8) would give priority to the attorney's fees herein:

(b) Protection for certain interests even though notice filed.—Even though notice of a lien imposed by section 6321 has been filed, such lien shall not be valid—

\* \* \* \* \* \*

(8) Attorneys' liens.—With respect to a judgment or other amount in settlement of a claim or of a cause of action, as against an attorney who, un-

---

3. Section 60–101, S.C.Code 1962, Annotated.

4. The securing mortgage of Horace C. and Betsy L. Prevatte to Southern Bank and Trust Company, Rock Hill, S. C. (assigned to Small Business Administration) recited the fact that "This mortgage is junior to the following respective mortgages on each property" and lists the "Mortgage Recorded in Mortgage Book 269 at page 493 in the Office of the Clerk of the Court for York County."

5. It is undisputed that plaintiff instituted the foreclosure action that berthed this controversy, and claimed attorney's fees as part of her mortgage debt due.

6. See Columbia Gas Co. v. Consolidated Shipping Co. (D.C.La.1967), 276 F.Supp. 600; United States v. Kamieniecki (D.C. N.H.1966), 261 F.Supp. 683 and Ray E. Nelson Transp. Co. v. Tri-State Ins. Co. (D.C.Neb.1964), 231 F.Supp. 492.

der local law, holds a lien upon or a contract enforcible against such judgment or amount, to the extent of his reasonable compensation for obtaining such judgment or procuring such settlement, except that this paragraph shall not apply to any judgment or amount in settlement of a claim or of a cause of action against the United States to the extent that the United States offsets such judgment or amount against any liability of the taxpayer to the United States.

This court recognizes the justice of the statute.

 This court is met with the probable injustice of having one lender comply with State statutes designed for her protection as well as subsequent creditors, and a destruction of her rights as well as a disregard of her compliance effected because the subsequent creditor, *with notice and having acknowledged the senior lien in its security instrument,* happens to be a lender-agent of the United States of America. There can be no dispute but that the recording of the provision for attorney's fees as part of the first mortgage instrument, was notice to the Small Business Administration as well as any other subsequent creditor. Certainly it can be reasoned that the Small Business Administration, as a *lending agency,* knew or should have known that the obligation of the mortgagor Prevatte, in event of default, was to include an attorney's fee for collection, within the range of ten (10%) percent of the Sixteen Thousand ($16,000.00) Dollar indebtedness. The first mortgage so recited and the security instrument of the Small Business Administration specifically acknowledged the existence and recording of that instrument.

It is futile for this court to engage in lexigraphy insofar as the term "choate" is here, or elsewhere, involved. In *New Britain,* supra, the court proscribed a choate lien—"when the identity of the lienor, the property subject to the lien, and the amount of the lien are established." To rule here that the amount was established, in effect, by a ten (10%) percent ceiling calculated by the amount unpaid and in default, would only invite a finding of error at higher level, with the attorney for the first lienee the probable victim. This court is mindful of the decision in United States v. Bond, 279 F.2d 837, 847 (4th Cir. 1960). However, in the first instance, a Federal tax lien was involved, and, secondly, the majority opinion was propounded before Congress amended Section 6323 of the Internal Revenue Code. The amendment provided that in the event attorneys' fees were incurred in the collection or enforcement of an obligation which itself had priority over Federal tax liens, liens for such taxes would no longer have the priority which existed [by statute, and by interpretation] prior to the amendment.

The amendment to Section 6323 spotlights the justice of the rationale exposed in the dissenting opinion [by Circuit Judge, now Chief Judge, Haynsworth] in *Bond.* In discussing the fairness of allowing the secured creditor in his rights to preserve and protect as to disbursements necessary to preserve his original, admittedly prior lien for the debt, the writer reasoned:

> The mortgagee has been held preferred with respect to attorney's fees and similar expenses, incurred after the tax lien was recorded, and with respect to state taxes paid by the mortgagee. The mortgagee's preference with respect to accruing interest has been generally recognized. Perhaps the right to interest accruing at an agreed rate could pass the inchoate test, but to a substantive recognition of the mortgagee's preference, his right to be secure in his income is hardly so important as his right to be secure in making disbursements necessary for the protection or preservation of the mortgage lien and for the collection of the principal of the mortgage debt. [279 F.2d 852]

This court will not attempt to classify the ten (10%) percent attorney's fee provision of the *first mortgage* of plain-

tiff as sufficiently definite to qualify as choate under *Britain,* supra. Perhaps the specific language in the hypothecation contract that such fee, and other expenses "shall be secured by this mortgage as part of the total mortgage debt," would not be sufficient to prevail over a subsequent tax lien of the United States prior to the 1966 amendments. However, the language is clear and unambiguous to this court. May then, the court reason, without further interpretation, that if the attorney's fee is part of the mortgage debt, as the recorded security instrument provides, that the position of the Small Business Administration is without merit? Other courts have so found.

In Ault v. United States, 432 F.2d 441 (9th Cir. 1970) the Ninth Circuit Court of Appeals affirmed, by per curiam order, the judgment of the District Court of the District of Alaska, 317 F.Supp. 373, 1968. The case presented an action by a well driller to enforce his lien as provided by the law of the State of Alaska. The furnishing of the labor and materials predated the recording date of an SBA security (deed of trust) instrument which was on a form created by state and not federal law. Under Alaska law, lien claims duly established take precedence over deeds of trust insofar as original construction is concerned. The United States insisted its lien had priority under Section 191 of Title 31. The court found the government unable to meet its burden of proving insolvency, recognized that the court must apply federal law and not state law, upheld the priority of the mechanic's lien as dated back to the date of furnishing the labor and materials and stated:

It is recognized that the Court must apply federal and not state law. However, Congress has enacted no legislation which establishes a federal rule for the acquisition of security interests by the SBA or any uniform or other system for the recording of such security interests. Nor is there legislation indicating a Congressional intent to exempt such security interests from the requirements of local law which govern the validity of security interests in respect to all other lenders.

SBA in its money-lending activities availed itself of a deed of trust, a form of security instrument created by state and not federal law. It utilized the statutes of the State of Alaska insofar as recordation and securing its lien were concerned. It was fully aware that under Alaskan law a mechanic's lien such as that now being claimed by plaintiff was preferred to prior recorded mortgages and trust deeds. In the light of these considerations and where, as here, the United States could protect itself by not making a loan or by doing as much lending institutions do, withholding sufficient funds to pay the lien if established, there seems to be no reason to establish a federal rule differing from the local rule. Hammer v. Chapin, 256 F.Supp. 818 (D.Mont.1966).

\* \* \* \* \* \*

In the absence of controlling decisions or an Act of Congress to the contrary, it is for the federal courts to fashion the governing rule of law according to their own standards. Clearfield Trust v. United States, 318 U.S. 363, 367, 63 S.Ct. 573, 87 L.Ed. 838. For the foregoing reasons and the rationale of Bumb v. United States, 276 F.2d 729 (9th Cir. 1960); United States v. Yazell, 382 U.S. 341, 86 S.Ct. 500, 15 L.Ed.2d 404 (1966); and Hammer v. Chapin, supra, the Court adopts as the applicable federal rule in this case that which Congress declared controlling in the Federal Tax Lien Act of 1966, 26 U.S.C.A. § 6323 as amended, namely, local law. [[Ault v. Harris,] 317 F.Supp. 375, 376]

*Ault,* supra, is analogous to the facts here. No showing of insolvency has been had so as to warrant application of 31 U.S.C. 191. The SBA, in the case before the court, seeks to avoid a contract, deprive an attorney of a just fee, and hide under its misused federal authority.

Such unfairness cannot receive the sanction nor merit the award of this court.

South Carolina, in Standard Savings & Loan Ass'n v. Evans et al., (Dec. 4, 1970) 178 S.C. 145, 178 S.E.2d 145, treats the identical question before this court. The opening statement of the opinion advises: "The sole question for determination on this appeal is whether a second mortgage lien acquired through a Small Business Administration loan has priority over the attorney's fee for a first mortgage foreclosure brought by Standard Savings & Loan Association." Excerpts from the opinion outline the reasoning of the court:

There is no question but that under the local South Carolina law the first mortgage attorney fee ranks prior to the second mortgage debt. (See Section 45–55 of the 1962 Code).

We agree with counsel for the United States that the 1966 Federal Tax Lien Act does not of itself change the priority of the claims here involved. The Act amends the Internal Revenue Code and applies only to tax lien cases.

At the same time, an analysis of the Act's rationale demands that the Federal common law rule herein referred to, be changed. The cases cited by the government in support of its claim of "first-in-time, first-in-right" were decided prior to the enactment of the Federal Tax Lien Act in 1966. Congress has now established new priorities where tax liens are involved. It has declared that first mortgage foreclosure attorney's fees may take precedence over tax liens due the United States Government. Certainly, the collection of taxes is basic to the operation and very existence of the Federal Government. We can see no justifiable reason for this court to adopt in the present situation, where the Small Business Administration is operating as a money lending agency, a rule more stringent than that deemed necessary by the Congress in the important field of taxation. Our ruling is consistent with Ault v. Harris, 317 F. Supp. 373, C.A. 9 #24, 415, decided September 1, 1970. There is no Federal legislation indicating a Congressional attempt to exempt such security interest from the requirements of local laws which govern the validity of security interest in respect to all other lenders. *Ault,* supra.

In *Ault,* supra, the court declared that the local law prevailed, though not covered by the 1966 Act. It applied the rule established by Congress in tax cases to the facts at hand which also involved a second lien held by the Small Business Administration. We do likewise.

In the presentations before this court the government was unable to advance a compelling or constraining argument explaining how or why sound federal policy is advanced by demolishing the priority of a prior security agreement, valid and complete as between the parties and recorded according to state law.[7] Here the *lien* was established as to SBA when the instrument was recorded, whether such is construed to render the attorney's fee choate or not. Nothing to be found in *New Britain, Pioneer,* and other cases cited by the government project either fairness or justice in demolishing plaintiff's contracted priority here.

A discussion of other cases cited, or researched independently by this court, would serve no useful purpose here. Chief Judge Haynsworth's reasoning in *Bond,* supra, suffices for guidance of this court.

The Report of the Special Referee is affirmed. The attorney's fee of the Hayden first mortgage is entitled to priority over the lien of the second mortgage of Small Business Administration.

The Clerk will enter judgment accordingly.

And it is so ordered.

7. See United States v. Lebanan Woolen Mills Corp. (D.N.H.1964), 241 F.Supp. 393.