James E. SWANN et al., Appellees,

v.

The CHARLOTTE–MECKLENBURG
BOARD OF EDUCATION, etc.,
et al., Defendants.
and
H. D. Taylor et al., Added Defendants
and Appellants.

No. 74–1201.

United States Court of Appeals,
Fourth Circuit.

Argued June 4, 1974.

Decided July 23, 1974.

See also, D.C., 379 F.Supp. 1102.

Hugh J. Beard, Jr., Charlotte, N. C., for appellants.

Julius LeVonne Chambers, Charlotte, N. C. (Chambers, Stein, Ferguson & Lanning, Charlotte, N. C., Jack Greenberg, James M. Nabrit, III, and Norman J. Chachkin, New York City, on brief), for appellees.

William W. Sturges, Charlotte, N. C., did not file a brief but appeared in person at oral argument for The Charlotte-Mecklenburg Bd. of Ed.

Before HAYNSWORTH, Chief Judge, and WINTER, BUTZNER, RUSSELL, FIELD and WIDENER, Circuit Judges.

PER CURIAM:

This appeal results from the issuance of a district court injunction prohibiting the parties named here as additional defendants from further prosecuting a pending action in North Carolina state courts, and presents only the narrow question of whether or not the prosecution of the state court suit was properly enjoined.

The additional defendants here are Guardians ad Litem for white students who, as plaintiffs, had alleged in the state court suit against the Charlotte-Mecklenburg Board of Education (Board) and several school administrators that the Board had failed to apply the standards set out in N.C.G.S. § 115–307, applicable to "exceptionally talented children," and sought an injunction requiring adherence to the statute. The gist of that complaint was that the Board had not followed the standards set out in N.C.G.S. § 115–307 so that a quota of black students (some of whom were alleged to be not qualified) would take part in the program and in so doing had necessarily excluded some white students (who were alleged to be qualified) from being in the advanced curriculum classes established for such exceptional students. The district court added the plaintiffs in the state court proceeding as defendants here at the instance of Swann, et al, the original plaintiffs in this suit which has been pending in the

federal courts since 1965, and the injunction issued because the court concluded that the issues being litigated in the state court proceeding could not be separated from the issues and relief involved in the federal court suit. The Board's position in this matter is relatively neutral, its primary concern being to avoid possibly conflicting orders from state and federal courts.

We conclude that the injunctive relief was necessary in aid of the district court's jurisdiction, and thus was proper as an express exception to the Anti-injunction Act, 28 U.S.C. § 2283.[1] The district court had previously ordered, for example, "That pupils of all grades be assigned in such a way that as nearly as practicable the various schools at various grade levels have about the same proportion of black and white students." Swann v. Board, 311 F.Supp. 265, 268 (W.D.N.C.1970). It is, therefore, apparent that the pending state suit could affect the Board's efforts to comply with previous federal court desegregation orders. The claim of the additional defendants that the Board is now discriminating against white children cannot be separated from the order previously entered in the district court.

We note that the parties agree that the merits of the contentions of the plaintiffs in the state court suit may be decided in the district court.

Accordingly, the judgment of the district court is

Affirmed.

1. § 2283. Stay of State court proceedings A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.