Marion **HAYWARD** et al., Plaintiffs,

v.

Cecil D. **CLAY** et al., Defendants,

and

Cooper River Park and Playground Commission, Samuel E. Ramsey, Marilyn L. Infinger, Charlie C. Lybrand, Jr., Roscoe Mitchell, Robert B. Stall, Sr., I. B. Hughes and Howard A. Taylor, Added Defendants.

Civ. A. No. 76–2304.

United States District Court,
South Carolina,
Charleston Division.

Nov. 22, 1977.

Theodore B. Guerard, of Guerard & Applegate, Charleston, S. C., and Randall T. Bell, Professor, Columbia, S. C., for defendants.

Armand G. Derfner, of Epstein, McClain & Derfner, Charleston, S. C., for plaintiffs.

Armand G. Derfner, Charleston, S. C., for individual plaintiffs.

William B. Regan, Jr., Robert N. Rosen, Charleston, S. C., for City of Charleston.

David G. Jennings, Charleston Heights, S. C., for defendants Commissioners of N. Chars. Pub. Svc. Dist., N. Chars. Pub. Svc. Dist. and Branford Heape.

Joseph S. Mendelsohn, Charleston, S. C., for Infinger, Lighhart, Morse, Clawson, Inabinett, Members of Chars. County Election Commission.

Randall T. Bell, Columbia, S. C., Theodore B. Guerard, W. E. "Sam" Applegate, Charleston, S. C., for Cooper River Park and Playground Commission.

## ORDER ON MOTION TO ENJOIN STATE COURT PROCEEDINGS

HEMPHILL, District Judge.

Plaintiffs move for a Rule 62(c) injunction to prevent defendants from proceeding with a state court action which plaintiffs claim is designed to nullify a judgment previously entered by this court. The injunction is sought under the third clause of 28 U.S.C. § 2283, which allows state court proceedings to be enjoined by a federal court where necessary "to protect or effectuate its judgments".

Two legal questions of considerable importance are raised here, namely the propriety of enjoining the state court proceeding and the question of whether this court has jurisdiction to enjoin the same.

For reasons set forth below, this court has concluded that this is one of those rare cases in which an injunction against state court proceedings is both necessary in equity and is authorized by statutes and rules. See *Swann v. Charlotte-Mecklenburg Board of Education,* 501 F.2d 383 (4th Cir. 1974). The court is of the opinion that the injunction sought is precisely within the terms of the "protecting judgment" clause of § 2283, and that Federal Civil Procedure Rules 62 and 21 are enunciative of principles establishing this court's jurisdiction [1] to order the injunction and provide for effective implementation of the purposes of its judgment. The factual background in this case may be summarized briefly: On November 23, 1976, an election was held to determine whether the City of Charleston should annex an adjacent area known as Garden Kiawah. Although a clear majority of the voters in the City and Garden Kiawah approved the annexation, it was not approved by a majority of the freeholders in Garden Kiawah. Under the type of annexation procedure used, the state law, in addition to requiring that a majority of those voting approve the annexation, also required an *additional* referendum limited to freeholders in the area to be annexed as a condition to the approval.[2]

Promptly thereafter, five voters (two City residents and three Garden Kiawah residents) and the City of Charleston filed this suit. Named as defendants were State and local election officials, a resident freeholder of the Garden Kiawah area, and the Commissioners of the North Charleston Public Service District, the principal governmental body representing the area from which the Garden Kiawah area was to be detached.

The suit was heard by this court, which followed the rule of *Hill v. Stone,* 421 U.S. 289, 95 S.Ct. 1637, 44 L.Ed.2d 172 (1975), and struck down the freeholder's referendum as an unconstitutional property qualification burdening the right to vote. Since the excision of the unconstitutional freeholder's referendum resulted in a valid election (including all registered voters, whether freeholders or not) in favor of annexation, this court granted the same relief as in *Hill v. Stone* by declaring the annexation valid and enjoining interference with the City's effectuation thereof.

The Commissioners of the North Charleston Public Service District noticed an appeal, which is currently pending. In that appeal, the appellants have relied primarily on two arguments which they had presented before this court: (1) that the freeholder's referendum is not unconstitutional, and (2) that if it is, the entire annexation statute should be held unseverable and invalid, and therefore this court should not have upheld the annexation.

---

1. The Federal Rules of Civil Procedure, of course, cannot in and of their own force expand jurisdiction. Rule 82.

2. Section 47–19.11 *et seq.,* Code of Laws of South Carolina, 1962. This latter condition was not met, and the annexation was not approved in accordance with the statute.

Several months after this court's judgment, defendants sought a stay of the injunction issued pending appeal. The motion was denied. Shortly thereafter the Cooper River Parks and Playground Commission and its Commissioners filed suit in state court against the City of Charleston seeking declarative and injunctive relief against the City's effectuation of the annexation on the basis that the state annexation statute should be held unseverable, and the results of the Garden Kiawah annexation election should therefore be held void.[3] It should be noted that the Cooper River District's services are directed to persons who reside exclusively within the North Charleston Public Service district. The North Charleston Public Service Commission is created to perform fire, sewer and sanitation services, while the Cooper River District Commission provides services recreational in nature. The two Commissions, therefore, are created to serve the same people in a coterminous geographical area.[4]

■■■ The issues thus raised in the state court complaint are precisely those upon which this court has passed, and which are presently before the Court of Appeals. For the reasons stated below this court concludes that the state court case, challenging the very annexation which this court has adjudicated and approved, and which is now on appeal on the same grounds as those raised in the state court case, would constitute interference with a lawful judgment of this court, and an injunction is therefore required "to protect and effectuate" that judgment. A proper respect for the principles of comity and federalism forbid undue state court interference with matters upon which the federal courts have already passed just as it forbids undue interference by federal courts in matters properly before state courts.

Before turning to the merits, however, the jurisdictional questions must be addressed.

■■■ As a general rule, the perfecting of an appeal from a district court order divests the district court of jurisdiction and vests jurisdiction in the appellate court. *G & M, Inc. v. Newbern,* 488 F.2d 742, 746 (9th Cir. 1973); *Landman v. Mitchell,* 445 F.2d 274 (5th Cir. 1971), *cert. denied,* 404 U.S. 1022, 92 S.Ct. 695, 30 L.Ed.2d 671 (1972); *Petuskey v. Rampton,* 431 F.2d 378, 381 (10th Cir. 1970), *cert. denied* 401 U.S. 913, 91 S.Ct. 882, 27 L.Ed.2d 812 (1971). While it is true that an appeal terminates a district court's jurisdiction for most purposes, there are important exceptions, most notably including the power to enter appropriate injunctions to preserve the status quo. That power, traditionally recognized under the Equity Rules, has been codified in Rule 62(c), Federal Rules of Civil Procedure, which provides that "when an appeal is taken from an interlocutory or final judgment granting, dissolving or denying an injunction, the court in its discretion may suspend, modify, restore or grant an injunction during the pendency of an appeal . . . ."

This rule was discussed and applied in *United States v. El-O-Pathic Pharmacy,* 192 F.2d 62, 79 (9th Cir. 1951), where the court of appeals described Rule 62(c) as "a recognition of the long established right of the trial court, after an appeal, to make orders appropriate to preserve the *status quo* while the case is pending in the appellate court." Indeed, the court of appeals recognized that it too had the power to issue an injunction, under Rule 62(g), but declined to do so on

---

**3.** More particularly the state court complaint alleged that the annexation of Garden Kiawah was not effective because of the lack of freeholder approval, alleged that the freeholder provisions could not be severed from the remainder of the annexation laws, and prayed for a decree enjoining the City of Charleston from exercising any jurisdiction over Garden Kiawah with respect to parks and playgrounds.

**4.** This court will not attempt expansion of the concepts of res judicata. It should be noted, however, that the Cooper River group approaches a relationship of privity with the North Charleston group. In any event, it seems to the court, that the Cooper River group could have sought intervention, and while the court does not question the motive for their inaction, by bringing the state action, defendants in practical effect, forum shopped.

the ground that it was not as well equipped to enforce an injunction. See also *Cumberland Tel. & Tel. Co. v. Louisiana Public Service Comm.,* 260 U.S. 212, 43 S.Ct. 75, 67 L.Ed. 217 (1922). The power to preserve the status quo pending appeal has also been recognized in *G & M, Inc. v. Newbern, supra,* at page 746.

■ Indeed, the powers to protect judgments and preserve the status quo are among the most fundamental powers inherent in a court. It warrants an exception to the rule generally divesting a district court's jurisdiction during an appeal, see Rule 62; it warrants an exception to the rule. generally forbidding injunctions against state court proceedings, see 28 U.S.C. § 2283.

While the considerations underlying a Rule 62 determination are not identical to those underlying 28 U.S.C. § 2283, a comparison is instructive. In this case, for example, the court is holding that the injunction against the state court proceedings is necessary to protect and effectuate this court's judgment. This finding meets the requirements of 28 U.S.C. § 2283. If the injunction is nonetheless beyond *this* court's reach under Rule 62, plaintiffs would still be entitled to the injunction, either from the court of appeals, or by filing a separate suit. See *Berman v. Denver Tramway Corp.,* 197 F.2d 946, 950 (10th Cir. 1952). The Ninth Circuit, in *United States v. El-O-Pathic Pharmacy, supra,* rejected the first solution, and the second is obviously judicially wasteful.

■ In this court's opinion the principle embodied in Rule 62 of preserving the status quo although somewhat narrower than the principles embodied in § 2283, which is designed to uphold the integrity of federal court judgments and effectuate the policy of ending litigation, *but* which has the practical effect of preserving the respective positions in which the court has placed the parties vis-a-vis each other, are supportive of each other and capable of being jointly utilized. In other words, the principles underlying Rule 62 can be used as the jurisdictional vessel for a § 2283 motion when the judgment of the court and the positions in which the court has placed the parties are in danger of being negated during the pendency and in spite of an appeal of the same. As such, the jurisdictional gap which would otherwise be created upon notice of appeal and the disposition of the case on appeal is closed.[5]

That this result should follow is logical[6] and expedient. The district court at this point in time certainly has the greater familiarity with the case and the circumstances surrounding it. If jurisdiction is not found, in the district court, plaintiffs could institute the same proceeding in the court of appeals, which would have jurisdiction over the matter. This would result in unnecessary delay and expense for the movants. The court of appeals upon a finding that the injunction is properly issuable would mandate the district court, which is peculiarly equipped with the tools to enforce injunctions, to effectuate the same. And ·note that "[r]estrictions on the power of the district court that are grounded in

5. [Generally] The filing of a timely and sufficient notice of appeal has the effect of immediately transferring jurisdiction from the district court to the court of appeals with respect to any matters involved in the appeal. It divests the district court of authority to proceed further with respect to such matters, except in aid of the appeal, or to correct clerical mistakes under Rule 60(a) of the Federal Rules of Civil Procedure or Rule 36 of the Federal Rules of Criminal Procedure, or in aid of execution of a judgment that has not been superseded, until the district court receives the mandate of the court of appeals. 9 Moore's Federal Practice ¶ 203.11.

6. It may be that the jurisdictional principles of Rule 62 need not be applied, since the proceeding to protect the judgment and the state court suit which is endangering it, although intimately tied to the original action, are separate from it—and it is the appeal from the original action which the defendants' claims oust the court of its jurisdiction. The court, however, has not located cases to that effect and chooses to establish its jurisdiction for the § 2283 motion on the jurisdictional principles controlling Rule 62.

nothing more than the technical consideration that jurisdiction passes from it upon the filing of the notice of appeal are impractical and unwise." 9 Moore's Federal Practice, ¶ 203.11 n. 2, citing dictum in *Philadelphia Marine Trade Ass'n. v. International Longshoremen's Ass'n* (3d Cir. 1966), 365 F.2d 295 *rev'd* on other grounds (1967) 389 U.S. 64, 88 S.Ct. 201, 19 L.Ed.2d 236. As such this court concludes that it has jurisdiction to issue the injunction.

■ A related problem must be dealt with briefly. The parties to be enjoined were not parties to the original action, although of course they hold the same legal status and represent the same citizens as their companion district, the North Charleston Public Service District, which is now appealing the judgment. The plaintiffs have moved, pursuant to Rule 21, Federal Rules of Civil Procedure, to add the Cooper River District and its Commissioners as defendants for the limited purpose of extending the injunction to them.

Does this Rule 21 motion take the case outside this court's "protect or effectuate" jurisdiction to preserve the status quo? The court thinks not, for most of the same reasons that support this court's jurisdiction under Rule 62. Counsel for the Cooper River defendants conceded that a determination that the court has jurisdiction would give it the power to add parties. Even without the concession, it is clear that the two powers are analogous. Rule 21 very broadly provides that "parties may be dropped or added by order of the court on motion of any party or on its own initiative at any stage of this action and on such terms as are just."

■ As shown below, many of the cases enjoining state court proceedings under 28 U.S.C. § 2283 involve defendants who have to be added because they were not parties to the original judgment. Adding such additional parties is the kind of order "appropriate to preserve the *status quo*" within the meaning of *United States v. El-O-Pathic Pharmacy, supra.* The breadth of Rule 21 is illustrated by the fact that it, like Rule 62, authorizes appellate courts to apply it to

cases on appeal before them. In effect, Rule 21 allows any court possessed of jurisdiction to add parties, even the Supreme Court. *Mullaney v. Anderson,* 342 U.S. 415, 72 S.Ct. 428, 96 L.Ed. 458 (1952). Since this court has jurisdiction and power to enter an injunction to protect its judgment even while this case is on appeal, it must have coterminous jurisdiction to bring the necessary parties before it, which is all that is sought.

Like Rule 62, the objectives of Rule 21 could be met by a court of appeals order or by filing a new suit. For the reasons described above, this court does not believe that Congress meant to relegate plaintiffs to judicially wasteful methods. In addition to the court's finding of jurisdiction to issue the injunction, this court concludes that it has the power to add the additional parties. It now turns to the merits of the § 2283 motion.

Congress' policy, expressed in 28 U.S.C. § 2283, is clear, and authorizes a federal court to enjoin state court proceedings where necessary in aid of its jurisdiction or to protect or effectuate its judgments. Federal courts had always been thought to have this power, without which the decree of a federal court could be "virtually set aside and held for naught," *Julian v. Central Trust Co.,* 193 U.S. 93, 114, 24 S.Ct. 399, 408, 48 L.Ed. 629 (1904), until the Supreme Court held to the contrary in *Toucey v. New York Life Ins. Co.,* 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100 (1941). Congress promptly restored the power in the 1948 revision of the Judicial Code, by adding the language which today appears in 28 U.S.C. § 2283.

This basic doctrine of enjoining relitigation is applicable here. The added defendants seek from the Court of Common Pleas a declaration that the statutory freeholder referendum requirement, which this court has struck down as unconstitutional, is not severable from the rest of the statutory annexation procedure, and that consequently the annexation of the Garden Kiawah areas is a nullity. The issue of severability raised in the state proceeding by respon-

dents was twice passed on by this court in this case. Both times, the question was resolved against the position asserted by respondents. See Order of June 9, 1977, at 6; Order Denying Stay, July 25, 1977, at 1.

The judgment of this court is now final, and an appeal has been taken to the United States Court of Appeals for the Fourth Circuit. One of the issues presented and extensively briefed by the appellants is, "Did the Court err in holding that all portions of such statutes which did not refer to the separate freeholder referendum were severable and should remain valid and intact?" Thus, the continued prosecution by respondents of their state court action will, if not enjoined not only interfere with the final judgment of this court, but also with the litigation of the severability issue in the court of appeals, where the position advanced by defendants is being actively espoused by the appellants. Furthermore, since the City of Charleston is a party in both this court and in the action in the Court of Common Pleas, continued prosecution of the state court action, if not enjoined, could result in the untenable situation whereby the City of Charleston, already subject to the orders of this court,[7] would also be subject to possible inconsistent or conflicting orders entered by the State court. See *Swann v. Charlotte-Mecklenburg Board of Education,* 501 F.2d 383, 384 (4th Cir. 1974).

The fact that these added defendants were not themselves parties before this court originally does not deprive this court of the power to enjoin them under 28 U.S.C. § 2283, from prosecuting an action in the State courts which frustrates and threatens the effectuation of the judgments entered by this court, and which seeks to relitigate issues already decided.

The availability of a § 2283 injunction against those who were not parties in the original federal action was recognized by the unanimous Fourth Circuit en banc in 1974. *Swann v. Charlotte-Mecklenburg Board of Ed.,* 501 F.2d 383 (4th Cir. 1974). It has been settled law for many years. See *Julian v. Central Trust Co., supra; Berman v. Denver Tramway Corp., supra; Montgomery Co. Board of Ed. v. Shelton,* 327 F.Supp. 811 (N.D.Miss.1971); *Thomason v. Cooper,* 254 F.2d 808 (8th Cir. 1958); *Jacksonville Blow Pipe Co. v. RFC,* 244 F.2d 394 (5th Cir. 1957).

Defendants make much of the fact that severability is a question of state law; that no state court has passed directly upon the question of severability of the statute here at issue[8]; and that the state courts, not federal, are to be the ultimate construers of state law.[9] The state law issue in this case (severability) is properly before the court and is inextricably tied up with the constitutional issue. And the federal courts are the ultimate construers of constitutional issues. A determination of unconstitutionality in this case without having reached the severability issue would have been meaningless. It was absolutely

---

7. The City of Charleston is of course bound by the judgment of this court, which could have entered an injunction against the City. Such an injunction was deemed unnecessary because of the City's obvious agreement with the other plaintiffs' position. Should it appear that there is any possibility the City might—willingly or not—take a contrary position, this court could enter a swift injunction requiring the City to live up to this court's order.

8. While the South Carolina Supreme Court has not construed these statutes directly, it has spoken in an extraordinarily similar case, where it held an unconstitutional freeholder provision severable from the rest of bond issue election law, and held a bond issue valid after it had been approved by the registered voters only. *Cothran v. West Dunklin Public School*

*District,* 189 S.C. 25, 200 S.E. 95 (1938). See also *Gordon v. Democratic Executive Comm. of Charleston,* 335 F.Supp. 166 (D.S.C.1972), an election case in which this court held that statutes are to be severed to save the constitutional portions whenever possible. This policy is especially strong in voting cases so that the will of the people, as expressed in the Garden Kiawah annexation election, will not be nullified.

A similar issue arose in *Tornillo v. Dade Co. School Board,* 458 F.2d 194 (5th Cir. 1972), where the court of appeals held that the statute should have been severed on the basis of state law.

9. See e. g. *United States v. Thirty-Seven Photographs,* 402 U.S. 363, 369, 91 S.Ct. 1400, 28 L.Ed.2d 135 (1971).

necessary to disposition of the dispute. In any event, the nature of this action is not dissertation of the relative nature and strength of the state and federal courts' *stare decisis* effects, but rather the integrity of a federal court's judgment concerning issues which are properly before it. And the parties which seek to negate this court's judgment represent identical legal interest as the original defendants, North Charleston Public Service Commission, because their representation is exclusively owing to the residents of the areas from which Garden Kiawah has been detached. See *Southwest Airlines v. Texas Intl. Airlines,* 546 F.2d 84, 97, 98 (5th Cir. 1977); *Berman v. Denver Tramway Corp., supra.*

Defendants place heavy reliance on *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970), a case involving a state court injunction against picketing after a federal court had earlier held itself precluded under the Norris-LaGuardia Act from granting a labor injunction. The critical issue in that case however, was whether the federal court had purported to decide the issue put before the state court, and a majority of the Supreme Court held the federal court had not done so nor intended to do so. It was the *interpretation* of what was covered by the federal court judgment that was determinative of whether the state could/would be engaged in relitigation. This point was made repeatedly by the Supreme Court, *e. g.,* pp. 290, 293, 90 S.Ct. 1739 where it said that a prior federal court determination of the issue raised in the state court "is an essential prerequisite for upholding the 1969 injunction [by the federal court against the state court proceeding] as necessary 'to protect or effectuate' the 1967 order." 398 U.S. at 290, 90 S.Ct. at 1745.

The defendants have argued that the cases enjoining relitigation are limited to situations where the federal courts have "plenary" jurisdiction or where there is a

conflict over the title or control of certain assets or property. The court is of the view that the cases enjoining relitigation, including those cited above, are not so limited [10] and that there is no basis for distinguishing those cases from this case. In any event, this case certainly involves a conflict, between adjacent governmental bodies, over title or control of specific property or assets, *i. e.,* the Garden Kiawah area.

 The power of a federal court to enjoin state court proceedings is extremely limited, and this court heartily agrees that 28 U.S.C. § 2283 like other federal jurisdictional statutes, may not be expanded by loose statutory construction. Compare *Hayden v. Prevatte,* 327 F.Supp. 635 (D.S.C. 1971) with *Carolina Pipeline Co. v. York County Natural Gas Authority,* 388 F.2d 297 (4th Cir. 1967). In this case however, relitigation of severability, by the people who seek to relitigate it, could possibly nullify the *very annexation* which this court held valid. Not only is the issue (severability) the same, but so too is the thing (annexation of Garden Kiawah) which will be affected by redetermination of the issue. As such the injunction is necessary to protect the court's judgment.

The Cooper River defendants represented in open court that they had no desire to challenge this court's holding on any issues, but simply to establish their rights and liabilities under state law in the light of this court's judgment. If that is their true interest, the injunction of this court does not interfere with it. They may still seek that determination, but they can do so only against the backdrop of this court's order, which includes a valid annexation. Thus, they can seek a declaration of their powers, but they simply may not relitigate severability, and they accordingly may not seek an injunction against the City of Charleston's effectuation of the annexation of the Garden Kiawah area.

---

10. For example, what the defendant refers to as "plenary jurisdiction" in school desegregation cases is no more than the obligation to grant effective relief for violation of federal constitutional rights, an obligation which devolves upon this court just as much in voting rights cases and indeed all other constitutional cases.

The Supreme Court and lower federal courts have dealt with freeholder elections in many cases, and the orders striking down such elections as unconstitutional property qualifications have invariably implicitly decided the issue of severability by upholding the valid portions of the election at issue. Federal courts sit to decide cases and controversies, not abstract issues, and a proper plaintiff, especially one alleging and proving a deprivation of voting rights under the Fourteenth Amendment, is entitled to an adjudication of his or her case. This court did no more and no less in its Order on June 9. Once having obtained an adjudication in federal court, the party is entitled, absent reversal on appeal, to be free of the threat that the adjudication will be set aside by another court. In this case, the appeal procedure is in progress, raising the very issue which the Cooper River defendants wish to raise. By enjoining the state court proceedings brought by the Cooper River defendants, this court does no more than guarantee the integrity of its prior judgment and insure that its correctness will be tested by the proper route of appeal.

For the foregoing reasons, this court will grant the plaintiffs' Rule 21 motion to add defendants and will grant the plaintiff's motion for a Rule 62 § 2283 injunction restraining the relitigation of issues already decided by this court.

IT IS THEREFORE ORDERED THAT

(1) Cooper River Park and Playground Commission, Samuel E. Ramsey, Marilyn L. Infinger, Charlie C. Lybrand, Jr., Roscoe Mitchell, Robert B. Stall, Sr., and I. B. Hughes be, and they hereby are, added as defendants in this case.

(2) The added defendants, their officers, agents, servants, employees, attorneys, and all those in active concert or participation with them be, and they hereby are, enjoined from proceeding in any way with the case captioned *Cooper River Park and Playground Commission, et al. v. The City of Charleston,* No. ——, Charleston County Court of Common Pleas, or in any other way or in any other court challenging the validity of the annexation of Garden Kiawah upheld by this court in its Order of June 9, 1977, and further that they be, and hereby are, enjoined from interfering in any way with said annexation or with the City of Charleston's exercise of its proper jurisdiction over the Garden Kiawah annexation area.[11]

AND IT IS SO ORDERED.

---

11. Note that no bond is required to be posted where the injunction is issued in order to preserve its jurisdiction or enforce or protect its lawful orders. *Bivens v. Board of Public Education and Orphanage for Bibb Co.,* D.C., 284 F.Supp. 888 (1967) at 898, citing *Swift v. Black Panther Oil and Gas Co.,* 244 F. 20 (8th Cir. 1917).